**NIELSEN, Appellee,**

v.

**MEEKER, Appellant.**

[Cite as *Nielsen v. Meeker* (1996), 112 Ohio App.3d 448.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 69001.

Decided July 8, 1996.

*Joseph G. Stafford* and *James E. Powell,* for appellee.

*John D. Sutula,* for appellant.

O'DONNELL, Judge.

Marsha Meeker, natural mother of Taylor Nielsen, appeals from the April 6, 1995 order of the juvenile court which, *inter alia,* failed to find David B. Nielsen, Taylor's natural father, in contempt of court for failure to comply with an earlier agreed upon court order to pay child support.

On August 14, 1991, Nielsen filed a complaint in juvenile court to establish parentage and on March 3, 1992, successfully established his paternity of Taylor, born February 18, 1989. Almost one year later, on February 23, 1993, the court adopted a negotiated support agreement that delineated the rights and obligations of the parties and specifically provided for Nielsen to pay past support of $15,000 to Meeker on or before April 1, 1993.

Thereafter, on August 3, 1993, Meeker filed a motion to show cause, alleging an $11,500 deficiency on the past support obligation and seeking interest and a current support arrearage of $1,700. Almost two years later, on March 15, 1995, the court finally held a hearing on that motion and journalized its order, from which Meeker now appeals and assigns five errors for our review.

The first assignment of error states:

**450**

## I

"The juvenile court abused its discretion in refusing to admit into evidence proffered exhibits 1, 2, 3, 4, 5, 6, & 7 of appellant as these exhibits were relevant to the issues relating to the payment of child support, imposition of penalties, from an award of attorney fees and interest."

Meeker argues that the juvenile court abused its discretion when it did not allow her to introduce certain exhibits on the issue of Nielsen's financial condition and his ability to pay the $15,000 past support obligation, attorney fees, and interest.

Nielsen contends that since he did not raise the ability to pay in defense against the motion to show cause, the trial court properly precluded admission of these exhibits.

Thus, the issue for our review is whether the trial court properly excluded these exhibits.

We begin our analysis with an examination of Evid.R. 401, which defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Evid.R. 402 provides: "All relevant evidence is admissible * * *. Evidence which is not relevant is not admissible."

The trial court is vested with the sound discretion to rule on the admission or exclusion of evidence based upon relevance, and these rulings will not be overturned absent an abuse of discretion. *Renfro v. Black* (1990), 52 Ohio St.3d 27, 556 N.E.2d 150. The term "abuse of discretion" connotes more than an error of law or judgment. It implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 482, 450 N.E.2d 1140, 1142.

In this instance, the record indicates that the evidence which Meeker sought to introduce included a picture of Nielsen's house in South Dakota, a deed to Nielsen's house in Colorado, various checks drawn on Nielsen's checking account, and individual and corporate federal income tax returns for Nielsen and his veterinary practice. While these exhibits may be probative of Nielsen's ability to pay, the matter considered by the court concerned satisfaction of a substantial portion of the $15,000 support obligation, which was resolved without these exhibits. The admission of evidence rests within the sound discretion of the trial court, and the record does not indicate that the court's attitude here in ruling on these exhibits was arbitrary, unreasonable or unconscionable. Hence,

we cannot conclude that the trial court abused its discretion in excluding these exhibits. Accordingly, this assignment of error is overruled.

Appellant's second and third assignment of error have a common basis in law and fact and therefore we consider them together. They state:

## II

"The juvenile court abused its discretion and ruled against the manifest weight of the evidence in not finding appellee in contempt of court for failing to pay current support timely through child support enforcement agency."

## III

"The trial court abused its discretion and ruled against the manifest weight of the evidence in not finding the appellee in contempt of court for his failure to pay in full the fifteen thousand dollars ($15,000.00) before April 1, 1993."

■ Meeker contends that the court abused its discretion by failing to find Nielsen in contempt of court in two instances: first, for failing to make support payments for January, February and March 1995, and, second, for failing to pay $15,000 by April 1, 1993 in accordance with the prior agreed judgment entry.

Nielsen maintains that he should not have been held in contempt of court because his support payments were current as of the date of the hearing and, further, that he had loaned Meeker $8,500, which should have been set off against the balance due on the $15,000 payment.

The issue then for our consideration is whether the trial court abused its discretion in not finding Nielsen in contempt of court in both instances.

We begin our analysis with a consideration of R.C. 2705.02, which concerns contempt of court and specifically provides:

"A person guilty of the following acts may be punished as for a contempt:

"(A) Disobedience of, or resistance to, a lawful writ, process, order, rule, judgment, or command of a court or an officer."

■ A prima facie case of civil contempt is made by establishing a prior court order and evidence of nonpayment according to its terms. See *Rossen v. Rossen* (1964), 2 Ohio App.2d 381, 31 O.O.2d 589, 208 N.E.2d 764. The burden then shifts to the alleged contemnor to establish a defense for nonpayment. See *id.* at 384, 31 O.O.2d at 590, 208 N.E.2d at 767.

In this instance, the record indicates that Meeker has made a prima facie showing that Nielsen had not paid an $11,500 balance of the original $15,000 support obligation. Nielsen admitted that he had not yet paid this sum.

Additionally, the Child Support Enforcement Agency records indicated that as of the date of the hearing, a support arrearage of $2,450 existed, although the March 1995 payment was not yet due. Hence, a prima facie case of contempt on the current child support had been established. Thus, the burden of going forward with evidence then shifted to Nielsen to establish a defense for his actions.

In its April 6, 1995 entry, the trial court, exercising its discretion, found Nielsen had substantially complied with the current order of support and had made the February and March 1995 payments and, therefore, was not in contempt. The court further found that Nielsen provided a legitimate defense to the nonpayment of the $15,000 obligation and, therefore, was not guilty of contempt in that regard. Nothing in the record suggests that the court's attitude was unreasonable, arbitrary, or unconscionable in these findings, and, therefore, we cannot conclude that the trial court abused its discretion in its rulings. Accordingly, assignments of error two and three are not well taken.

Meeker's fourth assignment of error states:

## IV

"The juvenile court abused its discretion in refusing to allow the attorney for appellant to testify as to his attorney fees."

Meeker contends that the trial court abused its discretion by precluding her counsel from testifying on the issue of the reasonableness of his fees.

Nielsen maintains that the trial court did not abuse its discretion in not permitting this testimony for two reasons: first, since Meeker did not file a request for attorney fees, this issue was not properly before the court, and second, Meeker failed to establish entitlement to an award of attorney fees.

The issue then is whether the court abused its discretion in denying counsel's request to testify regarding the reasonableness of his fees.

The record indicates that Meeker's motion to show cause does not contain a request for attorney fees although this claim is contained in her affidavit attached to the motion. Hence, the issue of attorney fees was not properly before the court because Meeker did not properly seek an award of attorney fees in her motion to show cause. Having reached this conclusion, the trial court's ruling that the testimony of appellant's attorney was not competent to be received on the question of whether the proposed attorney fee was necessary and reasonable is now moot. Therefore, this assignment of error is overruled.

Meeker's fifth assignment of error states:

V

"The juvenile court abused its discretion in not awarding interest on the unpaid portion of the eleven thousand five hundred dollars ($11,500.00) due April 1, 1993."

■ Meeker asserts that the trial court abused its discretion by failing to award interest on the unpaid portion of the $15,000 support obligation.

Nielsen maintains that the trial court did not err in this regard, alleging that before interest can be awarded, all delinquent payments must be reduced to a lump sum judgment.

The issue then presented for our consideration is whether the court abused its discretion or erred by not awarding interest on the balance due on the $15,000 support obligation.

In this regard, R.C. 1343.03(A) provides:

"[W]hen money becomes due and payable * * * upon all judgments, decrees, and orders of any judicial tribunal for the payment of money arising out of tortious conduct or a contract or other transaction, the creditor is entitled to interest at the rate of ten per cent per annum * * *."

The record in this case reflects that on February 23, 1993, the trial court adopted a negotiated support agreement wherein Nielsen was ordered to pay $15,000 to Meeker on or before April 1, 1993. Since this obligation became a part of the court's order, by statute, interest accrues on that sum at the rate of ten percent per annum from April 1, 1993. This is not a matter within the discretion of the trial court, and the failure to impose the statutory interest on this sum is error. Accordingly, we reverse the determination of the court in this regard.

The judgment of the trial court is affirmed in part and reversed in part. The matter is remanded to the trial court for further proceedings consistent with this opinion.

*Judgment affirmed in part,*
*reversed in part*
*and cause remanded.*

MATIA, P.J., and KARPINSKI, J., concur.