DECISION AND JUDGMENT ENTRY
Terrence Lee Hershner appeals his conviction by the Athens County Municipal Court for operating a motor vehicle under the influence in violation of R.C. 4511.19(A). Appellant asserts the following assignments of error:
 I. THE TRIAL COURT ERRED IN FINDING THAT THERE WAS REASONABLE ARTICULABLE SUSPICION TO STOP THE DEFENDANT'S VEHICLE.
 II. THE TRIAL COURT ERRED IN DENYING DEFENDANT THE OPPORTUNITY TO PRESENT EVIDENCE OF HYPNOSIS AND POST-HYPNOTIC SUGGESTION AS THE BASIS OF HIS DEFENSE.
Finding no error, we affirm the judgment of the trial court.
 I.
On August 14, 1999, Officer Eric Hoskinson of the Ohio University Police Department was standing outside his vehicle which was parked at the entrance to Lot 133. At approximately 1:20 a.m., Officer Hoskinson heard a loud vehicle coming from the direction of Richland Avenue, traveling eastbound on South Green Drive. Officer Hoskinson testified that he observed the vehicle a few seconds later and that the vehicle was traveling at a speed greater than 20 miles per hour, the posted limit in that area. Officer Hoskinson estimated that the vehicle was traveling at 35-40 miles per hour. Officer Hoskinson admitted that he is not certain how accurate his estimate is but testified that he has been a police officer for approximately six years and has done visual speed observations in that location in the past. Officer Hoskinson also testified that he believed that the speed was unreasonable for a weekend night when there is generally heavy foot traffic in the area.
After observing the speeding vehicle, Officer Hoskinson entered his cruiser intending to stop the vehicle. He followed the vehicle into a parking lot and pulled up behind the parked vehicle. Appellant exited the vehicle and Officer Hoskinson noticed the odor of alcohol from inside appellant's vehicle. Officer Hoskinson testified that he asked appellant if he had consumed any alcohol and appellant responded that he had consumed approximately two beers.
Officer Hoskinson then performed a field sobriety test on appellant. Appellant had six clues on the gaze nystagmus test, used his arms for balance and put his foot down during the one-leg stand test, counted incorrectly and was unable to successfully complete the walk and turn test. Officer Hoskinson arrested appellant. After waiving his Miranda
rights, appellant admitted that the speedometer on his vehicle was not functioning and that he did not know what speed he was traveling. Appellant's breath test at the police station registered at .121.
Appellant moved to suppress all evidence on the grounds that the initial stop was unlawful. The trial court denied appellant's motion and later granted the state's motion inlimine to exclude evidence regarding hypnosis of the appellant. Appellant then pled no contest to the charge of operating a motor vehicle while under the influence. He filed a timely appeal.
 II.
In his first assignment of error, appellant contends that the trial court erred in refusing to suppress the evidence obtained by Officer Hoskinson because the officer lacked reasonable articulable suspicion to stop appellant's vehicle. Appellant submits calculations demonstrating that appellant could not have been traveling as fast as Officer Hoskinson visually estimated.
In a motion to suppress, the trial court assumes the role of trier of fact and, as such, is in the best position to resolve questions of fact and to evaluate witness credibility. See, e.g., State v. Mills (1992), 62 Ohio St.3d 357,366, citing State v. Fanning (1982), 1 Ohio St.3d 19,20; see, also, State v. Williams (1993), 86 Ohio App.3d 37,41. Accordingly, in our review we are bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. State v. Fausnaugh (Apr. 30, 1992), Ross App. No. 1778, unreported. Accepting those facts as true, we must independently determine as a matter of law, without deference to the trial court's conclusion, whether they meet the applicable legal standard. Williams,supra; Fausnaugh, supra.
The investigative stop exception to the Fourth Amendment warrant requirement allows a police officer to stop an individual if the officer has a reasonable suspicion, based on specific and articulable facts, that criminal behavior has occurred or is imminent. Terry v.Ohio (1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889;State v. Andrews (1991), 57 Ohio St.3d 86. To justify an investigatory stop, a police officer must be able to articulate specific facts which would warrant a person "of reasonable caution" in the belief that the person stopped has committed or is committing a crime. Terry,392 U.S. at 19-20, 88 S.Ct. at 1878-1879, 20 L.Ed.2d at 904-905.
The officer testified that he observed appellant speeding and initiated a stop for this reason only. Officer Hoskinson estimated, based on his experience, that appellant was traveling approximately 15-20 miles per hour over the posted speed limit. Appellant questions the officer's ability to estimate his speed and testified that he was not traveling that quickly. Appellant testified that he does not believe he was traveling 35-40 miles per hour as South Green Drive is too winding to travel at such a speed. The trial court was free to credit the officer's testimony regarding appellant's speed and equally free to disbelieve appellant's testimony that he was not speeding, especially given appellant's admission to the officer that his speedometer was broken. While it may be preferable to utilize radar equipment to verify a driver's exact rate of speed, such information is not required to establish a reasonable articulable suspicion that a driver is speeding.
Appellant also submits that he could not have been traveling at 35-40 miles per hour and cites calculations based on Officer Hoskinson's testimony. He attaches these calculations, which conclude that appellant was traveling between eighteen and twenty-six miles per hour, to his appellate brief as Appendix A. We note, however, that a matter not in the trial court record may not be included in the record on appeal by attaching it to an appellate brief.Plikerd v. Mongeluzzo (1992), 73 Ohio App.3d 115, 128-129. A reviewing court cannot add matter to the record before it which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new material.State v. Ishmail (1978), 54 Ohio St.2d 402, paragraph one of the syllabus. Therefore, even assuming appellant's calculations are correct, we cannot reverse the trial court's decision based on this information. Appellant's first assignment of error is overruled.
 III.
In his second assignment of error, appellant asserts that the trial court erred in granting the state's motion inlimine. It is well settled law that a decision in limine is tentative, interlocutory and in anticipation of the court's ruling during trial. See McCabe/Marra Co. v. Dover (1995),100 Ohio App.3d 139, 160; Collins v. Storer Communications,Inc. (1989), 65 Ohio App.3d 443, 446. A grant or denial of a motion in limine does not preserve error for appellate review. State v. Hill (1996), 75 Ohio St.3d 195, 202-203. In order to preserve the matter for appeal, the parties must renew their motions or objections at the appropriate time during trial. See State v. Brown (1988), 38 Ohio St.3d 305, paragraph three of the syllabus; State v. Grubb (1986),28 Ohio St.3d 199, paragraph two of the syllabus. There was no trial in this case because appellant pled "no contest." Therefore, we must determine whether appellant has the right to appeal the trial court's ruling on the motion in limine.
In State v. Ceran (Sept. 7, 1999), Athens App. No. 99CA18, unreported, we held that an appellant does not have such a right. As we noted in Ceran, the majority of the Justices on the Ohio Supreme Court joined in an opinion concluding that "no contest" pleas preclude appellate review on pretrial motions in limine. State v. Engle (1996),74 Ohio St.3d 525, 528-530 (Robie Resnick, J., concurring). Consequently, as a result of his "no contest" plea below, appellant waived any error in the trial court's ruling on the state's motion in limine.
Even if this issue had not been waived, we would still find no reversible error. At the hearing on this matter, appellant's mother, Millie Hershner, testified that appellant suffered a stress breakdown in sixth grade. As a result, appellant began treatment with Dr. Jacobson who used relaxation therapy, a form of hypnosis, to treat appellant. This technique changed appellant's behavior so that he no longer did everything that he was told to do and began doing what he felt he was capable of doing. Mrs. Hershner stated that appellant "has been doing all these times what he feels is safe and capable * * *." Appellant desired to introduce counseling records and testimony from the psychologist.
The trial court ruled that the evidence regarding hypnosis was irrelevant because operating a motor vehicle while under the influence of alcohol is a strict liability offense. Evidence is relevant only if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence." Evid.R. 401. A trial court possesses discretion, however, in determining the relevance and admissibility of evidence. Id.; Renfro v.Black (1990), 52 Ohio St.3d 27, 31; see, also, Evid.R. 104. A reviewing court will not disturb a trial court's evidentiary ruling absent an abuse of discretion, which occurs only when the trial court has acted unreasonably, arbitrarily, or unconscionably. Nielson v. Meeker (1996),112 Ohio App.3d 448, 450, citing Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
The trial court did not abuse its discretion here. For appellant to be convicted under R.C. 4511.19(A), the state needed to prove that he operated a vehicle while under the influence of alcohol where he had a concentration of ten-hundreths of one gram or more by weight of alcohol per two hundred ten liters of his breath. In State v. Cleary
(1986), 22 Ohio St.3d 198, 199, the Supreme Court of Ohio held that the statute imposes strict criminal liability. In doing so, the Supreme Court adopted the reasoning of the First Appellate District in State v. Grimsley (1982), 3 Ohio App.3d 265. The Grimsley court held that, "* * * We find in the language chosen by the legislature a plainly indicated purpose to do so, because the overall design of the statute is to protect against the hazards to life, limb and property created by drivers who have consumed so much alcohol that their faculties are impaired. * * *" Id. at 267. Therefore, the state need not prove culpability in establishing that a person is guilty of violating R.C.4511.19(A). R.C. 2901.21(A).
However, R.C. 2901.21 does require a voluntary act before guilt can be imposed. See Painter Looker, Ohio Driving Under the Influence Law (1999) 31, T1.25. InGrimsley, the appellant argued that she could not be found guilty of violating R.C. 4511.19 because she suffered from multiple personality disorder and, at the time of the offense, she was dissociated from her primary personality.3 Ohio App.3d at 268. The court found that it was immaterial whether the appellant was in one state of consciousness or another, so long as she was conscious and her actions were a product of her own volition. Id. at 268. The court also held that the evidence failed to demonstrate that the appellant was unconscious or otherwise acting involuntarily.
Here, appellant proffered that the evidence would establish that, due to post-hypnotic suggestion, he believes he "should do what he is capable of doing and not what others tell him to do * * *." Appellant asserts that these previous hypnotic suggestions continue to influence his decisions. Even assuming that the evidence would establish this ludicrous proposition, it is not sufficient to provide a defense to the offense of operating a motor vehicle while under the influence.
Appellant did not establish that the hypnosis caused him to drink or that the hypnosis caused him to drive a vehicle after drinking. Therefore, there is no support for a defense that appellant did not act of his own volition. The fact that prior hypnosis may affect appellant's currentjudgment is irrelevant to a defense of the case. Furthermore, appellant never proffered specific evidence that would demonstrate a nexus between the hypnosis while he was a child and his actions on the night he was arrested. Therefore, we cannot say that the trial court abused its discretion in refusing to admit such evidence. Appellant's second assignment of error is overruled.
Having found no error, we affirm the judgment of the trial court.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
It is ordered that a special mandate issue out of this Court directing the Athens County Municipal Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
Abele, J. Evans, J.: Concur in Judgment and Opinion.
 ________________________ William H. Harsha, Judge