OPINION
Defendant-appellant Sean Porter appeals from an order finding him in contempt and declining to find his ex-wife, plaintiff-appellee Janet Porter, in contempt, for actions relating to the parties' 1990 Chevrolet Suburban. He contends that the trial court's judgment is erroneous for three reasons: (a) it was unreasonable to hold him in contempt of the court's order when it was impossible for Mr. Porter to pay off the loan relating to the vehicle because Ms. Porter failed to provided necessary information for him to perform accordingly; (b) it was erroneous to find that Ms. Porter did not violate the terms of the decree by foiling his attempts to gain a clear title to the vehicle; and (c) it was unconscionable to require Mr. Porter to pay Ms. Porter $2,246.74 for a vehicle to which he never obtained title and of which he ultimately lost possession, when she could have avoided any costs by providing certain information to Mr. Porter in a timely manner.
We disagree with Mr. Porter's first two contentions. The trial court did not abuse its discretion by finding Mr. Porter in contempt of the divorce decree for failing to pay off the loan for the vehicle, because he had access to the necessary information to pay the amount owed. His failure to do so is a clear violation of the terms of the decree and is punishable pursuant to R.C. 2705.02. Nor did the trial court err by refusing to hold Ms. Porter in contempt. Although contradictory evidence was presented on the issue of the events leading to the repossession of the Suburban, determinations of credibility are within the province of the trial court. If believed, the evidence presented by Ms. Porter shows that she gave Mr. Porter the information needed to pay off the loan and gain clear title to the vehicle, but that he failed to do so.
As to Mr. Porter's last contention, however, we agree that it was unreasonable for the trial court to order him to pay Ms. Porter $2,246.74 for a vehicle that has been stolen, while permitting her to retain insurance proceeds representing Mr. Porter's equity in the vehicle. Accordingly, the judgment of the trial court is Affirmed in part andReversed in part, and this cause is Remanded for proceedings consistent with this opinion.
 I
The parties were divorced in January, 1997. The divorce decree included the following provision:
 "7. Motor Vehicles. * * * Husband shall retain the title and exclusive use of the 1990 Chevrolet Suburban and shall become solely obligated for all payments due or which may become due for the use, operation, maintenance and financing thereof, and Husband shall hold Wife harmless thereon. The parties shall execute title transfer documents, if necessary, accordingly."
Mr. Porter failed to pay some of the payments due on the Suburban, and it was repossessed in March, 1999. Ms. Porter subsequently paid Fifth/Third the sum of $1,971.94, which consisted of the amount of the final payoff of $1,675.74 plus repossession and storage charges, and obtained clear title to the vehicle in her name.
Five months later, Mr. Porter filed a motion to seize the Suburban. The trial court ordered Ms. Porter to convey the vehicle to Mr. Porter. Ms. Porter filed a motion to vacate this order and to hold Mr. Porter in contempt for his failure to pay Fifth/Third, and requested that he pay her for the amount that she advanced to the bank in connection with the vehicle's repossession. The trial court ordered the vehicle returned to Ms. Porter.
Mr. Porter subsequently filed a motion for contempt, which was partly based upon Ms. Porter's actions relating to the Suburban. After the motion was filed, but before a decision was rendered, the vehicle was stolen while in Ms. Porter's possession. Although the record is not entirely clear, it appears that Ms. Porter had fully insured the vehicle for theft at the time of the theft, and has recovered insurance proceeds for the value of the Suburban. Following the contempt hearing, the Magistrate issued a decision finding as follows:
 "The court finds that [Mr. Porter] is in contempt for failure to pay the loan payments on the 1990 Chevrolet Suburban. [Mr. Porter] alleges that he did not pay off the outstanding balance because he was unable to get information from the bank as a result of not having [Ms. Porter's] loan number. However, the court was provided with numerous checks that had the loan number of [Ms. Porter] on the bottom and thus [Mr. Porter] had this information at all times. As a result [Mr. Porter] did not make the last payment and the car was repossessed. Therefore, the court finds that [Mr. Porter] is in contempt for failure to make truck payments as ordered pursuant to the parties' Final Judgment and Decree of Dissolution.
 "Additionally, the court finds that [Ms. Porter] is not in contempt for failure to convey title of the 1990 Chevrolet Suburban to [Mr. Porter]. [Mr. Porter] did not make the truck payments and [Ms. Porter] was required to pay off the outstanding balance to gain possession of the truck. As a result, [Ms. Porter] was entitled to withhold the transfer of the title until such time as [Mr. Porter] reimbursed her for her expenses in saving the truck from repossession.
 "Furthermore, the court orders that [Mr. Porter] pay to [Ms. Porter] the total of $2,246.74 to reimburse [Ms. Porter] for monies she spent in order to save the truck from repossession.
 "The court will not order [Mr. Porter] to reimburse her for costs of insurance coverage on the automobile.
"* * *
 "1. [Mr. Porter] is in contempt for failure to make payments pursuant on the 1990 Chevrolet Suburban pursuant to the parties' Final Judgment and Decree of Divorce. [Mr. Porter] shall pay to [Ms. Porter] the sum of $2,246.74 within 90 days of filing of this permanent order. [Mr. Porter's] request for a finding of contempt against [Ms. Porter's] refusal to convey a title is found not to be well taken and is hereby dismissed."
Mr. Porter subsequently objected to this decision, but his objections were overruled by the trial court, which adopted the Magistrate's decision. From that judgment, he now appeals.
 II
Mr. Porter raises three assignments of error, which are interrelated and provide as follows:
 "THE TRIAL COURT ABUSED ITS DISCRETION BY FINDING APPELLANT IN CONTEMPT FOR FAILURE TO MAKE PAYMENTS IN CONNECTION WITH THE SUBJECT 1990 CHEVROLET SUBURBAN.
 "THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO HOLD MS. PORTER IN CONTEMPT.
 "THE TRIAL COURT ABUSED ITS DISCRETION BY AWARDING APPELLEE THE SUM OF $2,246.74."
Common to each of these assignments of error is Mr. Porter's contention that the trial court's judgment is erroneous as it relates to its contempt findings. Accordingly, we address these assignments together.
 A
A court's power to punish for contempt is set forth in R.C. 2705.01 et seq. R.C. 2705.02 provides in pertinent part as follows: "A person guilty of any of the following acts may be punished as for a contempt: (A) disobedience of, or resistance to, a lawful * * * order * * * of a court * * *." A separation agreement, which contains a property settlement provision, is an order that is enforceable by contempt proceedings. Weaver v. Weaver (1987), 36 Ohio App.3d 210, 522 N.E.2d 574, paragraph one of the syllabus.
A prima facie case of contempt is made by establishing a prior court order and a violation under its terms. Nielsen v. Meeker (1996),112 Ohio App.3d 448, 679 N.E.2d 28, 31. A court's contempt finding must be supported by clear and convincing evidence. Dozer v. Dozer (1993),88 Ohio App.3d 296, 302, 623 N.E.2d 1272, 1276. Absent an abuse of discretion, which implies that the court's reasoning is unreasonable, arbitrary, or unconscionable, we will not reverse the trial court's findings. Id. Neither will we weigh the evidence nor judge credibility of witnesses when reviewing factual findings of the trial court relating to its contempt determinations because both of these functions are solely within the province of the trial court. State v. DeHass (1967),10 Ohio St.2d 230, 39 O.O.2d 366, 227 N.E.2d 212, paragraph one of the syllabus.
Mr. Porter does not challenge the lawfulness of the court's initial order. Instead, he disputes the finding of the court relating to who violated the terms of the separation agreement incorporated into the parties' divorce decree. He argues that it was impossible for him to fulfill his obligations under the decree because of Ms. Porter's actions. Impossibility of performance is a defense to a charge of contempt. Morris v. Morris (Nov. 17, 1993), Tuscarawas App. No. 93AP040021. However, to defend against a prima facie case of contempt, the party bears the burden of persuasion and must present evidence of his inability to comply with the court order. Nielsen, supra. Mr. Porter presented evidence that he was unable to obtain the final payoff amount of the loan because the loan was in Ms. Porter's name. He claims that he did not have and could not gain access to the either the final loan payment balance or the account number. Thus, he could not pay the loan as required under the terms of this decree. This evidence, however, was contradicted by Ms. Porter's testimony, which Mr. Porter grudgingly admitted to be true, that she eventually gave Mr. Porter's new wife an envelope with the payoff amount of the loan and that he had within his possession checks reflecting the account number prior to the vehicle's repossession.
Based on this testimony, it was not unreasonable for the trial court to credit Ms. Porter's testimony over Mr. Porter's on the issue and find that Mr. Porter had enough information to pay off the loan on the Suburban, but did not do so. His failure to pay off the note, as required by the terms of the decree, was punishable by the court under R.C. 2705.02. Accordingly, Mr. Porter's first assignment of error is overruled.
 B
As to Mr. Porter's second assignment of error relating to the court's refusal to hold Ms. Porter in contempt for failing to turn the vehicle over to him, we again find the trial court's decision reasonable. The court made a credibility determination favoring Ms. Porter's testimony over Mr. Porter's testimony. She claimed that she did all she was required to do under the decree by giving Mr. Porter a payoff amount in December and her social security number, and that he had within his possession the account number for the loan. Mr. Porter was required by the decree to pay the loan in full, but failed to do so; in spite of his actions, he maintained possession of the Suburban for three months after his failure to pay the loan when due. Eventually, the bank, not Ms. Porter, took the vehicle from Mr. Porter's possession. Further, Ms. Porter could not transfer title to a vehicle held by the bank when the loan was in arrears.
While we understand Mr. Porter's position and agree that Ms. Porter could have provided a copy of a final payoff statement to him to facilitate his duty under the decree, we cannot say that the court's finding was unreasonable. Although Mr. Porter had no document from the bank acknowledging the final loan payment amount, he did have within his possession enough information to pay the loan, thereby avoiding repossession of the Suburban. He did not do so. Moreover, although Ms. Porter paid the amount of the note and obtained clear title to the Suburban, she contends that she offered to give Mr. Porter the vehicle back if he paid her the amount she paid out to the bank. Again, he did not take this course of action. Mr. Porter's testimony contradicts Ms. Porter's recollection of events following the vehicle's repossession. The trial court chose to credit Ms. Porter's testimony on the issue, which was within the trial court's discretion, Ms. Porter's testimony not having been inherently incredible. Based on this record, the trial court could reasonably have concluded that Ms. Porter did not violate the terms of the decree. If there was no violation of the court's order, then a contempt finding would be inappropriate. Accordingly, Mr. Porter's second assignment of error is overruled.
 C
Although the trial court did not err in its contempt findings, we agree with Mr. Porter's third assignment of error. The trial court acted unreasonably when it required Mr. Porter to pay Ms. Porter $2,246.74. It should have made a finding regarding the amount Ms. Porter received from insurance proceeds, since she admitted that the automobile had a greater value than the amount she paid to the bank on the note and that the vehicle was fully insured when it was stolen. She is not entitled to recover $2,246.74 and the insurance proceeds representing the equity in the vehicle. Further, Mr. Porter, not Ms. Porter, was awarded the vehicle under the terms of the decree. Thus, we remand the matter to the trial court to establish another figure. On remand, the court should deduct from the insurance proceeds Ms. Porter received for the Suburban, the costs paid by her in order to regain possession of the vehicle and the insurance premiums she paid to obtain coverage of the vehicle. That amount remaining from any insurance proceeds after Ms. Porter is reimbursed for her expenses in preserving and protecting Mr. Porter's equity in the vehicle should be paid to Mr. Porter. To this extent, Mr. Porter's third assignment of error is sustained.
 III
Mr. Porter's First and Second assignments of error having been overruled, and his Third Assignment of Error having been overruled, that part of the judgment of the trial court finding Mr. Porter in contempt and finding Ms. Porter not to be in contempt is Affirmed; that part of the judgment of the trial court awarding Ms. Porter $2,246.74 while permitting her to retain the insurance proceeds representing Mr. Porter's equity in the Suburban is Reversed; and this cause is Remanded for further proceedings consistent with our discussion of the Third Assignment of Error.
BROGAN and GRADY, JJ., concur.