DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Erie County Court of Common Pleas which held that appellee, the Erie County Sheriff, was not in contempt of prior orders of that court and denied the motion to show cause filed by appellants, the Fraternal Order of Police and Robert Kellem. From that judgment, appellants raise the following assignment of error:
 "I. The Erie County Common Pleas Court erred in finding that the sheriff was not in contempt of court for refusing to comply with a court order."
The undisputed facts of this case are as follows. Robert Kellem had been a corrections officer with the Erie County Sheriff's Department since 1986. In May 1997, he underwent neck surgery which required a lengthy rehabilitation. In addition to his neck problem, Kellem had experienced physical problems with his back and hip. In October 1997, Kellem requested to return to work as a control booth operator, a job he could perform despite his physical handicaps. On October 10, 1997, Kellem was told that he could not return to work because he did not have unrestricted medical leave to do so. As a result, Kellem filed a grievance against the Erie County Sheriff seeking to return to work with a reasonable accommodation under the Americans with Disabilities Act of 1990 ("ADA"). Pursuant to the collective bargaining agreement, the grievance was subject to arbitration.
After conducting a hearing and considering the evidence offered, as well as numerous exhibits, the arbitrator issued a decision on July 31, 1998 in which he concluded: "* * * the Employer abused its discretion under the [Collective Bargaining] Agreement when it refused to schedule the grievant as a control booth operator and effectively terminated his services. For this reason, the grievance is sustained. The grievant shall be reinstated as a corrections officer and assigned to the control booth. The grievant is awarded back pay, less compensations earned or benefits paid."
The sheriff then filed a petition to vacate or modify the arbitrator's award pursuant to R.C. 2711.10(D), which allows an arbitration award to be vacated if the arbitrator exceeded his powers, or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made. A document, dated December 8, 1997 and purporting to terminate Kellem's employment for an unrelated nonmedical reason, was attached to the sheriff's motion. Appellants also filed a motion to confirm the arbitrator's award pursuant to R.C. 2711.09.
On October 19, 1999, the common pleas court issued a decision denying the sheriff's petition to vacate the arbitrator's award and granting appellants' motion to confirm the award as it relates to back pay. The court further found, however, that "the Employer terminated Kellem on December 8, 1997, for reasons unrelated to a medical disability and that termination was not appealed. Therefore, that part of the Award reinstating Respondent Kellem is moot." The court then awarded Kellem back pay from October 10, 1997, the date that Kellem was discharged for medical reasons because the sheriff denied Kellem's request to return to work with light duty, until December 8, 1997, the date that Kellem was discharged for reasons unrelated to the instant claim, less compensation earned or benefits paid. The court further denied appellants' request for prejudgment interest.
The FOP and Kellem appealed that decision to this court, in which they challenged the common pleas court's finding that the part of the arbitration award reinstating Kellem was moot and the court's denial of prejudgment interest on the back pay due. In a decision and judgment entry of December 22, 2000, we concluded that because the trial court had decided that the statutory grounds raised by the sheriff were without merit, that the arbitrator's award was within the purview of the collective bargaining agreement and that the arbitrator did not violate R.C. 2711.10(D), the trial court could not modify or vacate any portion of the arbitration award. Erie Cty. Sheriff v. Fraternal Order ofPolice (Dec. 22, 2000), Erie App. No. E-99-075. In reaching this conclusion, we noted that the trial court could not modify or vacate any portion of the arbitration award "when the court's order is based on alleged `evidence' [i.e. the fact that Kellem was discharged for nonmedical reasons on December 8, 1997] that was available but was not presented to the arbitrator during the course of the arbitration proceedings." We further determined that the trial court had abused its discretion in denying appellants' request for prejudgment interest, retroactive to the date of the arbitration award. Accordingly, we reversed and vacated the order of the common pleas court and ordered that the arbitrator's award be reinstated. We then remanded the case to the common pleas court for entry of a judgment granting appellants' motion for prejudgment interest from July 31, 1998, the date of the arbitrator's award, to December 22, 2000, the date of our decision and judgment entry.
On March 12, 2001, the lower court entered a judgment which reads: "This matter came on for consideration upon remand from the Sixth District Court of Appeals. In accordance with the judgment entry of December 22, 2000, this Court affirms the award of the arbitrator and awards interest to the Fraternal Order of Police, OLC, on behalf of Robert Kellem, in the amount of Ten Percent [10%] for the period of July 31, 1998 through December 22, 2000."
On April 17, 2001, appellants filed a motion to hold appellee in contempt of court for refusing to comply with the trial court's order of March 12, 2001. Appellants asserted that by affirming the arbitrator's award and awarding interest on the judgment, the trial court had ordered the sheriff to reinstate Kellem as a corrections officer assigned to the control booth with back pay and interest. However, appellants argued, the sheriff had refused to reinstate Kellem or pay him for any back pay after December 8, 1997. Appellants attached several exhibits to their motion, including a judgment entry from the Ashland County Court of Common Pleas, Domestic Relations Division, ordering the Erie County Auditor to make the award, scheduled to be paid to Kellem, payable to the Ashland County Child Support Enforcement Agency ("CSEA") in an amount not to exceed $8,803.48, for Kellem's child support arrearages. Also attached to appellants' motion was a copy of a check for $4,817.19, dated March 15, 2001 and payable to the Ashland County CSEA, and a copy of a payment stub demonstrating that the amount paid to the Ashland County CSEA was comprised of $3,359.59 covering Kellem's gross wages after taxes from October 10, 1997 through December 8, 1997, and $1,457.60, covering interest from July 31, 1998 through February 28, 2001. The parties briefed the issues in which appellee asserted that he was not required to continue Kellem's employment past the date of December 8, 1997 and that he had fully complied with the court's order of back pay with interest thereon. On September 14, 2001, the trial court filed a decision and judgment entry finding that the sheriff had fully complied with the trial court's prior orders and denying appellants' motion to show cause. That is the ruling that is the subject of the present appeal.
In support of their assignment of error, appellants assert that the trial court erred in failing to hold the sheriff in contempt because the sheriff failed to fully comply with the arbitration award and prior court orders. More specifically, appellants argue that it was improper for the trial court to rely on the December 8, 1997 termination as a reason to justify the sheriff's refusal to reinstate Kellem or pay him back pay after December 8, 1997. In support of this argument, appellants contend that because this court, in our decision and judgment entry of December 22, 2000, held that the trial court could not rely on the December 8, 1997 termination to modify the arbitration award, the court in the contempt proceeding was similarly forbidden from relying on the termination to support its conclusion that the sheriff had complied with the court's prior orders. For the following reasons, we disagree.
R.C. 2705.02 provides in relevant part: "A person guilty of any of the following acts may be punished as for a contempt: (A) Disobedience of, or resistance to, a lawful writ, process, order, rule, judgment, or command of a court or an officer[.]" This court will not reverse the decision of a lower court in a contempt proceeding absent a showing of an abuse of discretion. State ex rel. Ventrone v. Birkel (1981), 65 Ohio St.2d 10,11. That is, unless the court's attitude in reaching its decision is found to be arbitrary, unreasonable or unconscionable. Steiner v.Custer (1940), 137 Ohio St. 448, paragraph two of the syllabus.
We will first address the issue of the trial court's consideration of Kellem's December 8, 1997 termination in concluding that the sheriff had complied with the court's prior orders. In asserting that the trial court was precluded from considering the termination, appellants confuse the nature of the two proceedings that had come before the lower court. Initially, the case came before the lower court upon the sheriff's motion to vacate the arbitration award pursuant to R.C. 2711.10(D) and appellants' motion to confirm the award pursuant to R.C. 2711.09. As we stated in our decision and judgment entry of December 22, 2000: "R.C. Chapter 2711 authorizes a `limited and narrow judicial review of an arbitration award' by setting forth `specific statutory procedures to vacate, modify, correct, or confirm an arbitration award.' Galion v.Local 2243, AFSCME (1995), 71 Ohio St.3d 620, 623, 646. R.C. 2711.10
sets forth those specific grounds upon which the court may review the award and is limited to claims of fraud, corruption, misconduct, an imperfect award, or that the arbitrator exceeded his authority. The trial court's decision cannot include a reconsideration of the merits of the award, even when parties allege that the award rests on errors of fact or on misinterpretation of the collective bargaining agreement." Accordingly, in reviewing an arbitration award, a trial court is precluded from considering anything that was not presented to the arbitrator during the course of the arbitration proceedings.
In contrast, a motion to show cause is essentially a new and independent proceeding. By its very nature, an action seeking to find a party in contempt requires evidence of that party's actions subsequent to the entry of the order seeking to be enforced. In this regard, a trial court may consider any evidence that it finds relevant to determining whether that party properly complied with the court's orders. Nielsenv. Meeker (1996), 112 Ohio App.3d 448, 450.
In the present case, the order seeking to be enforced was the trial court's order of March 12, 2001, affirming the arbitration award and awarding appellants interest in the amount of ten percent from July 31, 1998 through December 22, 2000. The arbitration award sustained Kellem's grievance, ordered that Kellem be reinstated as a corrections officer assigned to the control booth, and awarded him back pay, less compensations earned or benefits paid. Although the award did not specify a date upon which Kellem's reinstatement was effective, the reinstatement was necessarily effective as of October 10, 1997 because that was the date on which Kellem was told not to report back to work. Accordingly, to abide by the arbitration award, the sheriff was required to reinstate Kellem, effective October 10, 1997. The trial court concluded that the pay stub submitted in the proceedings below demonstrated that Kellem was reinstated as of that date and was provided back pay and benefits from October 10, 1997 until December 8, 1997, the date on which Kellem was terminated for an unrelated nonmedical reason. Because the arbitration award only dealt with Kellem's grievance of October 12, 1997, and because the sheriff subsequently terminated Kellem for an unrelated nonmedical reason, Kellem cannot claim any right to reinstatement beyond the date of that termination.
We therefore conclude that the trial court did not err in finding that the sheriff had complied with the court's prior order and the sole assignment of error is not well-taken.
On consideration whereof, the court finds that substantial justice has been done the parties complaining and the judgment of the Erie County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellants.
JUDGMENT AFFIRMED.
Peter M. Handwork, J., Richard W. Knepper, J., and Mark L.Pietrykowski, P.J., CONCUR.