JOURNAL ENTRY AND OPINION
{¶ 1} The state appeals the trial court's dismissal with prejudice of the felony charges against defendant-appellee, Ratoya Steel ("Steel"). Finding error in the proceedings below, we reverse.
 {¶ 2} The following facts give rise to this appeal. On trial day, Steel declined the plea offer and elected to go to trial. The state requested a continuance to secure the presence of the victim. This was the state's second request for continuance. The trial court denied the continuance and dismissed the case with prejudice. The trial court reasoned that the victim failed to appear twice and that the victim's current whereabouts were unknown, and further that "this court gave the state 62 days from the May trial date in which to prepare and the state is not prepared to proceed."
 {¶ 3} The state appeals, advancing one assignment of error which reads as follows:
 {¶ 4} "The trial court erred in dismissing the indictment with prejudice."
 {¶ 5} A trial court's dismissal of an indictment is reviewed for an abuse of discretion. We give substantial deference to the trial court unless we determine that the court's ruling was an abuse of discretion.State v. Tankersley (1998), Cuyahoga County App. Nos. 72398 and 72399. "The term abuse of discretion connotes more than error of law or judgment. It implies that the court's attitude is unreasonable, arbitrary, or unconscionable." Nielson v. Meeker (1996),112 Ohio App.3d 448, citing v. Meeker (1996), 112 Ohio App.3d 448, citing Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. "An abuse of discretion * * * implies a decision which is without a reasonable basis or one which is clearly wrong." Angelkovski v. Buckeye Potato Chips Co.
(1983), 11 Ohio App.3d 159.
 {¶ 6} Crim.R. 48 provides the procedure for the dismissal of a criminal case by either the state or the court. Subsection (B) provides that "[i]f the court over the objection of the state dismisses an indictment, information, or complaint, it shall state on the record its findings of fact and reasons for the dismissal." "Crim.R. 48(B) does not provide for a dismissal with prejudice; the court has the inherent power to dismiss with prejudice only where it is apparent that the defendant has been denied a constitutional or statutory right, the violation of which would, in itself, bar prosecution." Fairview Park v. Fleming (Dec. 7, 2000), Cuyahoga App. Nos. 77323, 77324, citing State v. Dixon (1984),14 Ohio App.3d 396; State v. Sutton (1979), 64 Ohio App.2d 105.
 {¶ 7} Here, the trial court did not make a finding that Steel was denied a constitutional or statutory right when it dismissed with prejudice the charges against her. Therefore, it was error for the trial court to dismiss the case with prejudice. The state may re-indict.
The state's sole assignment of error is sustained.
The court is ordered to correct its journal entry to read "dismissed without prejudice." Judgment reversed and remanded.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee costs herein.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, A.J., and Sweeney, J., concur.