FAIR, Appellee,

v.

FAIR, Appellant.

[Cite as *Fair v. Fair*, 164 Ohio App.3d 177, 2005-Ohio-5704.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 05AP–243.

Decided Oct. 27, 2005.

Baker & Hostetler, L.L.P., Barry H. Wolinetz, and David C. Levine, for appellee.

Gary J. Gottfried Co., L.P.A., and Gary J. Gottfried, for appellant.

McGrath, Judge.

{¶ 1} Defendant-appellant, Michael C. Fair, appeals from an order of the Franklin County Court of Common Pleas, Division of Domestic Relations, finding him in contempt of court.

{¶ 2} The parties, appellant and Susan L. Fair, plaintiff-appellee, were married on September 18, 1971. They were granted a dissolution of their marriage on February 9, 2000, pursuant to a separation agreement. The agreement provides that appellant is obligated to pay spousal support in the amount of $6,500 per month for 168 months, to maintain sufficient life insurance to carry out the spousal-support obligation should he predecease appellee, and to equally divide the proceeds from the sale of his dental practice with appellee.

{¶ 3} On December 24, 2003, appellee filed a "motion for order to show cause and citation in contempt and for attorney's fees," alleging that appellant had failed to comply with the terms of the parties' dissolution relating to the payment of spousal support. Appellee also filed additional motions, two relating to a transfer of funds from appellant's financial accounts to satisfy the terms of the dissolution order, and one requesting a temporary restraining order to prohibit appellant from using funds contained in various financial and retirement accounts.

{¶ 4} A hearing was held on February 3, 2005, and the court issued its decision and entry on February 14, 2005. The trial court found that appellant was in arrears for spousal support in the amount of $124,100; that appellant had failed to pay appellee her portion of the proceeds from the sale of his dental practice in the amount of $47,020.78; and that appellant failed to maintain sufficient life insurance pursuant to the separation agreement. Finding appellant guilty of contempt for failure to comply with the previous orders of the court, the court sentenced appellant to 30 days in jail, which was suspended on the condition that appellant pay appellee $171,120.78 within 30 days of the date on the court's entry. The court also ordered that should appellant fail to pay all the monies due, appellee's counsel must present to the court an order directing Charles Schwab and Company, d.b.a. Schwab Institutional and Mercer Advisors ("Charles Schwab"), to pay appellee all the monies held in the name, under the social security number, or for the benefit of appellant. Additionally, appellant was ordered to pay appellee's attorney fees in the amount of $5,596.69 and to provide proof of insurance with appellee as the beneficiary with a death benefit of $1,092,000. It is from this order that appellant appeals.

{¶ 5} On appeal, appellant raises the following five assignments of error:

[1] The trial court erred and abused its discretion, in its decision and entry of February 14, 2005, when it found the defendant-appellant in contempt for

non-payment of spousal support, as the defendant-appellant was not voluntarily unemployed and had an inability to pay.

[2] The trial court erred and abused its discretion when it found the defendant-appellant in contempt for failure to provide the plaintiff-appellee with half the proceeds, an amount of $47,0202.78 (sic), from the sale of defendant-appellant's dental practice to Dr. Goff.

[3] The trial court erred when it found the defendant guilty of contempt for failure to maintain life insurance, as the plaintiff failed to allege this in her original contempt motion.

[4] The trial court erred and abused its discretion when it ordered (1) that the plaintiff-appellee present to the court for its review, approval and execution, in the event that the defendant-appellant failed to pay all the monies due within thirty (30) days, an order directing Charles Schwab to pay over to plaintiff-appellee all monies held for the benefit of defendant-appellant and (2) when it approved a qualified domestic relations order (QDRO) presented to the court by counsel for plaintiff-appellee.

[5] The trial court erred and abused its discretion when it ordered the defendant-appellant to pay an amount of $5,596.69 as and for attorney fees to the plaintiff-appellee.

{¶ 6} A finding of civil contempt will not be reversed on appeal absent an abuse of discretion on the part of the trial court. *Holcomb v. Holcomb* (1989), 44 Ohio St.3d 128, 541 N.E.2d 597. The term "abuse of discretion" connotes more than mere error of law or judgment; it implies that the court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 5 OBR 481, 450 N.E.2d 1140.

{¶ 7} In his first assignment of error, appellant argues that the trial court abused its discretion in finding him in contempt of court for nonpayment of spousal support when he was not voluntarily unemployed and had an inability to pay the ordered amount. The trial court found appellant "guilty of contempt for failure to comply with the previous orders of the court relating to the payment of spousal support, the payment of the proceeds from the sale of the dental practice to Dr. Goff, and the failure to maintain life insurance." However, the trial court's decision does not make any specific findings. With respect to the issue of spousal support, the trial court's decision states, "[A]s of January 31, 2005, Petitioner, Michael C. Fair was in arrears in the court ordered spousal support in the amount of $124,100.00."

■ {¶ 8} Appellant submitted evidence, via his deposition,[1] that he was currently drawing unemployment benefits because he had been terminated from his employment at Dental Village, Inc., since "they didn't have enough work." In addition to receiving unemployment benefits, appellant testified that he was currently filling in for Dr. Mosley for an unspecified length of time and that he was temporarily working for a state correctional facility at $97 per hour. Further, appellant testified that he did not have the means to pay the spousal support. Despite appellant's defense that he was unable to comply with the court-ordered spousal support, the trial court made no findings regarding appellant's ability to pay or whether appellant was involuntarily underemployed. The trial court must give a basis for its decision to permit proper appellate review. *Bishop v. Bishop* (2000), Portage App. Nos. 98–P–0055 and 98–P–0080, 2000 WL 757592. Because the trial court's decision makes only the general finding that appellant is in contempt of court, we are unable to conduct a meaningful review of the trial court's decision. Thus, we are compelled to remand this matter to the trial court so that the court may supply a basis for finding that appellant either is, or is not, in contempt of court regarding spousal support.

■ {¶ 9} Because appellant's second and third assignments of error are interrelated, they will be addressed together. In these assignments of error, appellant argues that the trial court erred when it found him in contempt of court for failure to provide appellee with half of the proceeds from the sale of appellant's dental practice to Dr. Goff and for failure to maintain adequate life insurance with appellee as the beneficiary. Appellee argues that since neither of these issues were raised in appellee's contempt motion, his due-process rights were violated because he was not provided with sufficient notice of the allegations and the issues were not properly before the court.

■ {¶ 10} It is well settled that procedural due process " 'requires that one charged with contempt of court be advised of the charges against him, have a reasonable opportunity to meet them by way of defense or explanation, have the right to be represented by counsel and have a chance to testify and call other witnesses on his behalf either by way of defense or explanation.' " *Benjamin v. Benjamin* (Dec. 30, 1997), Franklin App. No. 97APF07–875, 1997 WL 799471, quoting *In re Oliver* (1948), 333 U.S. 257, 275, 68 S.Ct. 499, 92 L.Ed. 682.

{¶ 11} The record indicates that appellee's contempt motion contains only an allegation regarding the payment of spousal support. Thus, the issues regarding the proceeds from the sale of appellant's dental practice and maintaining adequate life insurance were not properly before the court. *Nielsen v. Meeker*

---

1. Appellant did not attend the hearing on February 3, 2005. Rather, the transcript of his deposition taken on September 10, 2004, was submitted to the court.

(1996), 112 Ohio App.3d 448, 679 N.E.2d 28 (holding that a request for attorney fees was not properly before the court because the motion to show cause did not contain such a request even though a claim for attorney fees was contained in the affidavit attached to the motion). We recognize that in *Pittman v. Pittman* (Aug. 5, 1999), Franklin App. No. 98AP–1408, 1999 WL 569308, this court reviewed a similar issue and held that the trial court did not abuse its discretion or exceed the scope of the hearing when it heard and decided an issue relating to the sale of real estate that was not raised in the contempt motion. However, in *Pittman,* we noted that "the documents necessarily included an affidavit detailing [the movant's] specific accusations" with respect to the real estate. Id. Such is not the case in the matter presently before us.

{¶ 12} Appellee's motion requests an order from the court requiring appellant to appear and show cause why he "should not be held in contempt for failing to comply with the Court's order regarding payment of the spousal support as is more fully set forth in the Affidavit of (sic) attached hereto and incorporated herein by reference." The affidavit states that appellant was to pay appellee one-half of the proceeds from the sale of his dental practice, assign to appellee one-half of his retirement accounts plus $100,000, and pay appellee $6,500 per month for 168 months, and that he has failed to do so. The affidavit specifically states, "Affiant further states that [appellant] is in contempt of court for his failure to pay spousal support as ordered." Unlike *Pittman,* where the affidavit detailed the movant's specific accusations, appellee's affidavit, like the contempt motion, is specific only to the issue of nonpayment of spousal support. Thus, we find that the issue relating to the sale of the dental practice and the issue relating to maintaining life insurance was not properly before the court. Accordingly, we sustain appellant's second and third assignments of error.

{¶ 13} In his fourth assignment of error, appellant argues that the trial court erred in ordering appellee, through counsel, to present an order for the court's approval directing Charles Schwab to pay appellee all the monies held in the name, under the social security number, or for the benefit of appellant should appellant fail to pay appellee as ordered within 30 days. Appellant further argues that the trial court erred in approving the Qualified Domestic Relations Order ("QDRO") submitted to the court by the appellee. This matter must be remanded to the trial court for further proceedings pursuant to our remand on appellant's first three assignments of error and for the following reasons.

{¶ 14} First, R.C. 3121.03(B)(1) gives a trial court jurisdiction to issue an order requiring the disbursement of funds to repay an arrearage in support via a QDRO, if the court determines that "the obligor has funds that are not exempt under the laws of this state or the United States from execution, attachment, or other legal process and are on deposit in an account in a financial institution

under the jurisdiction of the court that issued the court support order." The trial court's entry does not indicate that the trial court made any of the required determinations.

{¶ 15} Second, appellee concedes that the trial court erred in ordering that 100 percent of appellant's retirement accounts be transferred to appellee, because those accounts hold more than the total amount awarded to appellee by the court. Accordingly, we sustain appellant's fourth assignment of error.

{¶ 16} In his fifth assignment of error, appellant argues that the trial court abused its discretion when it ordered appellant to pay appellee's costs for attorney fees associated with the motion for contempt. In this matter, appellant would be entitled to only the attorney fees associated with the motion for contempt, which we have determined encompassed only the issue of nonpayment of spousal support. Thus, we remand the issue of attorney fees to the trial court for further consideration in accordance with this opinion. Accordingly, we sustain appellant's fifth assignment of error.

{¶ 17} For the foregoing reasons, we sustain appellant's five assignments of error. The judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, is hereby reversed and this matter is remanded to that court for further proceedings in accordance with law and in accordance with this opinion.

Judgment reversed
and cause remanded.

BROWN, P.J., and KLATT, J., concur.