JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant, the State of Ohio, appeals from the trial court's order dismissing the indictment against defendant-appellee, Anthony Caringi, with prejudice and order sealing the record. For the reasons that follow, we reverse and remand.
 {¶ 2} The state's sole assignment of error states:
 {¶ 3} "I. The trial court erred in dismissing the indictment with prejudice and sealing the record."
 {¶ 4} The scant record establishes that appellee was indicted for carrying a concealed weapon. The trial court granted a continuance of the trial date at the state's request due to the unavailability of the arresting officers. When the state sought a second continuance on the same basis, the trial court dismissed the indictment with prejudice and ordered the record sealed.
 {¶ 5} "The court may not dismiss an indictment with prejudice unless it is apparent that the defendant has been denied either a constitutional or statutory right, the violation of which would, in itself, bar prosecution." State v. Dixon (1984),14 Ohio App.3d 396, citing State v. Sutton (1979), 64 Ohio App.2d 105; accord State v. Steel, Cuyahoga App. No. 85076, 2005-Ohio-2623.
 {¶ 6} As was the case in Steel, the trial court here did not make a finding that appellee was denied a constitutional or statutory right when it dismissed the charge against him with prejudice. Accordingly, it was error for the trial court to dismiss the case with prejudice. The state may re-indict.
 {¶ 7} The state's sole assignment of error is sustained.
 {¶ 8} The trial court is ordered to correct its journal entry to read "dismissed without prejudice." This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
Judgment reversed and remanded.
It is ordered that appellant recover from appellee its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. Case remanded to the trial court for further proceedings.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Calabrese, JR., J., Concurs Ann Dyke, A.J., Concurs in Judgment Only (See concurring opinion attached.)