ROSSEN, APPELLANT, v. ROSSEN, APPELLEE.

(No. 5443—Decided June 18, 1964.)

*Mr. S. M. Sokol*, for appellant.
*Mr. Robert D. Moss,* for appellee.

HUNSICKER, P. J.   Doris L. Rossen and Henry A. Rossen were divorced by an order of the Common Pleas Court of Summit County, Ohio.   At the time of the entry of the decree of divorce, an agreement settling the property rights of the parties was approved by that court and made a part of the decree. Among such agreements, the following part is important herein:
"3. Henry agrees to pay for all of Doris' dental, medical, surgical, medicine and hospitalization expenses, as well as any reasonable expenses she may incur by reason of requiring the services or attendance upon her of nurses or other persons, whether at a hospital or at her own residence, if the same shall become reasonably necessary and at the direction of a physician * * *."

Mrs. Rossen, after the divorce and approval of the separation agreement, presented to her former husband a bill for dental services in the amount of $3,855.   Part of the claimed dental services were performed before, and a part after, the decree of divorce was entered.   Mr. Rossen did not pay this bill, and Mrs. Rossen then instituted an action in contempt based upon his refusal to pay the tendered bill for dental services.

At the trial of the action for contempt, a statement was made by counsel for Mr. Rossen that he was not financially able to pay the account. Much further discussion was had with reference to the meaning of the phraseology used in the separation agreement, especially as to the meaning of the word, "expense," used in paragraph three, set out above. No testimony was introduced by either party.

No testimony was offered by Mrs. Rossen bearing on the question whether Mr. Rossen was guilty of a wilful refusal to pay the dental bill, or of the meaning of "expense" as set out in the agreement.

The trial court, after much discussion between counsel and the court (no further testimony being offered), found Mr. Rossen not guilty of contempt and dismissed, at the same time, a motion filed by Mr. Rossen to modify the agreement of the parties.

From the judgment of dismissal of the contempt citation, Mrs. Rossen appealed to this court on questions of law, saying:

"1. The trial court in entering the judgment and final order on January 9, 1964, finding the defendant-appellee 'not guilty' of the contempt charge and dismissing said charge at plaintiff's costs, abused its discretion and prejudicially erred by failing to apply the principles of law applicable to the situation; entering said judgment and order without sufficient supporting evidence and against the weight of the evidence and contrary to law; wilfully and arbitrarily disregarding the evidence, the applicable law, and the plaintiff-appellant's rights in the premises, whereby plaintiff-appellant's rights were prejudicially affected.

"2. The Common Pleas Court abused its discretion and erred in overruling plaintiff-appellant's motion for a new trial."

Our question then is whether a prima facie case of contempt was made herein, which then required Mr. Rossen to present evidence as to why he did not pay or why he is not required to pay this bill for dental services.

Section 2705.02(A), Revised Code, says that a person guilty of "disobedience of, or resistance to, a lawful writ, process, order, rule, judgment, or command of a court or an officer," may be punished as for a contempt.

Section 2705.03, Revised Code, provides, in part, that the

accused shall have the opportunity to be heard, by himself or by his counsel.

Section 2705.05, Revised Code, says:

"Upon the day fixed for the trial in a contempt proceeding the court shall investigate the charge, and hear any answer or testimony which the accused makes or offers.

"The court shall then determine whether the accused is guilty of the contempt charge. If it is found that he is guilty, he may be fined not more than five hundred dollars or imprisoned not more than ten days, or both."

In *Holloway* v. *Holloway*, 130 Ohio St. 214, 215, the court said:

"A decree allowing alimony is enforcible by proceedings in contempt. The court awarding alimony has inherent power to enforce payment by contempt proceedings."

The court in that case determined that an agreement to pay alimony embodied in a court decree could be enforced by a contempt action.

"Nonpayment of alimony comes within the provisions of Section 2705.02, Revised Code, and is classed as a civil contempt." *Beach* v. *Beach*, 99 Ohio App. 428. See, also, *Hayes* v. *Hayes*, 11 Ohio App. 10.

In civil contempt cases, it is not error to call the defendant as on cross-examination. *Jacobs* v. *Cook*, 95 Ohio App. 480, 486; *Bloomberg* v. *Roach, Recr.*, 43 Ohio App. 178.

The appellant in the contempt matter alleged in her affidavit and in her motion for a citation a wilful failure to comply with the judgment and decree of the court. We have always believed it to be an elementary rule that he who alleges must produce proof of the allegation. "* * * wilful neglect to comply with the award must be established—the mere fact of nonpayment is not sufficient in itself." 18 Ohio Jurisprudence 2d 69, Divorce and Separation, Section 135; 17 American Jurisprudence 820, Section 802.

The statements above are made without citation of any authority. In our research on this subject, we find some Ohio cases bearing on this matter in alimony and support cases. Some of those cases were in habeas corpus to secure the release of one who had been imprisoned for failure to pay alimony. The court in those cases said that the decree of court as to alimony is prima

facie evidence of ability to pay. *In re Whallon,* 6 Ohio App. 80; *In re Frisbie,* 27 Ohio App. 290. To the same effect are the cases of *Cook* v. *Cook,* 66 Ohio St. 566, and *Bly* v. *Smith, Sheriff,* 94 Ohio St. 110.

In 27B Corpus Juris Secundum 115, Divorce, Section 262(f), the rule is stated as follows:

"A prima facie case is made against the contemnor by producing the order for alimony and proof of his failure to make payment according to its terms, and the burden is then on him to prove any legitimate excuse he may have for nonpayment * * *."

An examination of authorities in other jurisdictions shows that a failure to comply with a provision of a divorce decree for payment of alimony is prima facie evidence of contempt of court. *Brayfield* v. *Brayfield,* 175 Kan. 337, 264 P. 2d 1064; *Rainwater* v. *Rainwater,* 236 Miss. 412, 110 So. 2d 608; *Didero* v. *Didero,* 10 App. Div. 2d 875, 200 N. Y. Supp. 2d 705; *Hodous* v. *Hodous,* 76 N. D. 392, 36 N. W. 2d 554; *State, ex rel. Blackwell,* v. *Blackwell,* 181 Ore. 157, 179 P. 2d 278; and *Chappell* v. *Chappell,* 37 Tenn. App. 242, 261 S. W. 2d 824.

A collation on this general subject may be found in 53 A. L. R. 2d 591 *et seq.*

From our examination of the authorities, we must conclude that when counsel for Mr. Rossen admitted the decree and agreement contained therein, the notice to pay the dental bill and the refusal to pay such bill, a prima facie case of contempt was established. It then was incumbent upon Mr. Rossen to go forward and present evidence of his inability to pay the claimed dental bill, or such other defense as might be available to him in the matter.

The judgment of the trial court under the facts herein is contrary to law. The judgment is reversed and the cause remanded for further proceedings.

*Judgment reversed and cause remanded.*

DOYLE and STEVENS, JJ., concur.