OPINION
Plaintiff Lisa Hambach nka Lisa Biery appeals a judgment of the Court of Common Pleas, Domestic Relations Division, of Stark County, Ohio, which overruled her motion for contempt brought against defendant Jon Hambach, and imputed income to her for purposes of computing appellee's child-support obligation. Appellant assigns two errors to the trial court:
 ASSIGNMENTS OF ERRORS
ASSIGNMENT OF ERROR I
 THE RULING OF THE TRIAL COURT FINDING THE DEFENDANT-APPELLEE NOT GUILTY OF CONTEMPT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
ASSIGNMENT OF ERROR II
 THE RULING OF THE COURT SUSTAINING THE DEFENDANT-APPELLEE'S OBJECTION TO THE FINDINGS AND RECOMMENDATION OF THE CSEA HEARING OFFICER WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE, WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, AND WAS AN ABUSE OF DISCRETION.
The record indicates appellant and appellee were divorced on July 21, 1988. Appellant is the residential parent of the parties' two children, age 16 and 13 at the time of the hearing. Appellant testified she was voluntarily unemployed, partly because one of the parties' children has a learning disability and requires more of her time. Appellant testified she had been employed in the past.
The court had allocated the medical expenses for the children between the parties. Appellant was to pay the first $100 of medical expenses each year, and the appellee was responsible for the balance. Appellant testified between the years of 1996 and 1999, appellee had either not paid certain medical bills or had paid them late. Appellee admitted not paying certain bills which he believed looked "phoney".
 I
In her first assignment of error, appellant argues the court's finding appellee was not in contempt of court was against the manifest weight of the evidence. As appellant correctly states, our standard of reviewing the trial court's finding is enunciated in C.E. Morris Company v. Foley Construction Company
(1978), 54 Ohio St.2d 279. In Morris, the Ohio Supreme Court held judgments supported by competent and credible evidence which goes to each of the essential elements of the case should not be reversed by a reviewing court as the manifest weight of the evidence.
The magistrate who heard the case found appellant's evidence proved she clearly incurred at least $1592 is medical bills between 1996 and 1999, and probably substantially more. During that period of time appellant was responsible for the first $100 per child, per year, which comes to $800 for the time period. The court found appellant's record keeping was not sufficient to prove more than the $1592, so the court used that number as the total medical cost. Deducting appellant's $800 obligation, the court found there remained $792 as the responsibility of the appellee. Appellant's evidence was appellee paid $1304 directly to appellant, and $680 to the various doctors between 1996 and 1999, substantially more than $792.
The magistrate's order stated that in order to find appellee guilty and sentence him to jail, the court must be very certain appellee willfully disobeyed the court order. The magistrate found the evidence was so unclear regarding what appellee's obligation actually was, that the evidence appellant presented was just insufficient for the court to find appellee in contempt.
There are three elements in a civil contempt: 1) a prior order of the court, 2) proper notice to the alleged contemptor and 3) failure to abide by the court order, see Rossen v. Rossen
(1964), 2 Ohio App.2d 381.
Although appellant is correct that appellee admitted not paying all the bills he received from her, or not submitting them to his insurance, nevertheless our review of the record leads us to conclude the trial court was correct in accepting the magistrate's finding. The evidence appellant submitted did not demonstrate appellee was given proper notice of the bills he was obliged to pay, and the evidence does not demonstrate appellant failed to pay his obligations. Appellant did not prove element 2 and 3 of the Rossen test.
We find the trial court's judgment is supported by the weight of the evidence. Accordingly, the first assignment of error is overruled.
 II
In her second assignment of error, appellant urges the court erred in imputing income to her. In the magistrate's decision, the court found appellee has worked in retail and food service at higher than minimum wage in the past, and was currently able to do unpaid volunteer work outside her home. The magistrate found given the current economy, there is an abundance of minimum wage jobs for people willing to work even if they have no job qualifications or work history. The magistrate concluded because the children were now 16 and 13, appellant could work during the day, and imputed minimum wage to her for child-support guideline purposes.
In Rock v. Cabral (1993), 67 Ohio St.3d 108, the Ohio Supreme Court found that before a court imputes income to a party, it must find the party was voluntarily underemployed, and the court must consider prevailing job opportunities in the community. Pursuant to R.C. 3113.215, the court may consider recent work history, occupational qualifications, and salary levels where the person lives.
Appellant argues appellee presented no evidence regarding the prevailing job opportunities in the community. Appellant had no recent work history, because she had not been employed outside the home for at least four years. Appellant also points out one of the parties' children is learning impaired and requires her attention and assistance.Appellee responds the case at bar is clearly distinguishable from Rock, supra. In Rock, the appellant earned approximately $7,000 working four to five months, and conceded someone with her qualifications could earn $15,000 to $22,000 per year. However, the appellant in Rock stopped working in accounting, and was self-employed in a weaving business which generated little or no income. The court imputed $14,000 of income to appellant for purposes of calculating her child-support obligation, finding her voluntarily underemployed.
In affirming the trial court's judgment, the Ohio Supreme Court held the trial court had discretion to tailor its decision to the particular facts and circumstances of the case. The Supreme Court held the trial court's determination on a parent's voluntary underemployment and the amount of potential income to be imputed to the parent should not be disturbed on appeal absent an abuse of discretion. The Supreme Court has repeatedly defined the term abuse of discretion as implying the court's attitude is unreasonable, arbitrary, or unconscionable, see e.g., Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
Our review of the record leads us to conclude the court did not abuse its discretion in imputing income at minimum wage under the particular facts and circumstances of this case. Accordingly, the second assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Domestic Relations Division, of Stark County, Ohio, is affirmed.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Domestic Relations Division, of Stark County, Ohio, is affirmed. Costs to appellant.
By Gwin, P.J., Hoffman, J., and Wise, J., concur