OPINION
On August 31, 1999, the Collective Bargaining Agreement expired between Local 169 of the United Steelworkers of America, the Appellee in this matter, and Appellant Armco, Inc.'s Mansfield Plant.
At this time, Armco declared a lockout of its union-represented workers and brought in replacement workers.
This lockout resulted in a number of instances of violence.
On September 3, 1999, Armco filed a Verified Complaint and Application for a Temporary Restraining Order asking for certain conduct restraints to stop the violence.
On September 3, 1999, the trial court issued a Temporary Restraining Order restraining the parties in this matter from engaging in certain conduct.
On September 10, 1999, a riot occurred at the Mansfield Plant, resulting in serious injuries to some guards and workers.
On September 28, 1999, the parties entered into an Agreed Preliminary Injunction which included the following provision:
 Defendants shall refrain from all acts and/or threats of violence and harassment toward Plaintiff's salaried employees, including their families, and including without limitation at the residences of Plaintiff's salaried employees. Likewise, Plaintiff's security force shall refrain from all acts and/or threats of violence and harassment toward Defendants' members, including their families, and including without limitation at the residences of Defendants' members;
This Agreed Preliminary Injunction is still in full force and effect.
On July 2, 2000, Armco's superintendent of maintenance and salaried employee, Daniel Dobson and his wife, Joyce, were attempting to leave the Oak Golf Club in Ontario, Ohio, when a pick-up truck blocked their exit. Don Holbrook, a locked-out union worker from the Armco plant, was a passenger in said truck, which was being driven by Holbrook's brother-in-law.
Holbrook began yelling obscenities at the Dobsons with derogatory name calling including referring to Mr. Dobson as a "scab".
Holbrook next exited the pick-up truck and proceeded to physically assault Mr. Dobson, punching him in the eye, slamming him into the car and knocking him to the ground.
On August 7, 2000, Appellant Armco filed a Motion for an Order to Show Cause Regarding Civil Contempt.
This was the fourteenth motion for contempt for violations of the September 28, 1999, Agreed Preliminary Injunction.
On August 14, 2000, the trial court held a hearing on a motion for contempt, receiving testimony from Daniel Dobson, Joyce Dobson and Don Holbrook.
By Judgment Entry filed on October 24, 2000, the trial court denied Appellant's motion for contempt.
In said Entry the trial court stated "the evidence does not demonstrate that the alleged contemnor believed his conduct would affect the underlying labor dispute".
It is from this ruling that Armco appeals, assigning the following errors:
 ASSIGNMENTS OF ERROR I. THE TRIAL COURT ERRED AS A MATTER OF LAW BY REQUIRING AN ADDITIONAL UNNECESSARY ELEMENT TO THE STANDARD FOR CIVIL CONTEMPT.
 II. IRRESPECTIVE OF THIS ADDITIONAL ELEMENT, THE TRIAL COURT ABUSED ITS DISCRETION BY HOLDING THAT ARMCO FAILED TO PROVE BY CLEAR AND CONVINCING EVIDENCE ALL ELEMENTS OF INDIRECT CIVIL CONTEMPT FOR HOLBROOK'S VIOLATION OF THE AGREED PRELIMINARY INJUNCTION.
As a preliminary matter, this Court notes that we cannot consider the transcript of the January 4, 2001, proceedings during the merit review of this matter since this transcript was filed without a motion to supplement the record.
 I.
Appellant argues that the trial court erred as a matter of law by requiring that Appellant prove that Don Holbrook "believed his conduct would affect the underlying labor dispute". We agree.
Appellant is arguing that the trial court failed to apply the appropriate test or correct law to the findings of fact. In such a case, an appellate court can reverse the trial court for committing an error of law. See State v. Williams (1993), 86 Ohio App.3d 37, 619 N.E.2d 1141, overruled on other grounds
When reviewing an issue of law, an appellate court may appropriately substitute its judgment for that of the trial court. State v. Today'sBookstore, Inc. (1993), 86 Ohio App.3d 810, 823. A trial court is not given the deference on issues of law it would receive for discretionary decisions such as evaluating credibility of witnesses, making factual determinations, ruling on admission of evidence, etc. Id.; Castlebrook,Ltd. v. Dayton Properties Ltd. Partnership (1992), 78 Ohio App.3d 340,346.
Therefore, the appropriate standard of review in this case would be denovo.
Contempt may be classified as direct or indirect. In re: Purola
(1991), 73 Ohio App.3d 306, 310. Direct contempt occurs in the presence of the court, while indirect contempt occurs outside its immediate presence. Id. "Contempt is further classified as civil or criminal depending on the character and purpose of the contempt sanctions." Id. at 311. Criminal and civil contempt serve different ends within the judicial system, and are governed by different rules.
In Brown v. Executive 200 (1980), 64 Ohio St.2d 250, 253-4, the Ohio Supreme Court discussed the distinction between civil and criminal contempt as follows:
 While both types of contempt contain an element of punishment, courts distinguish criminal and civil contempt not on the basis of punishment, but rather, by the character and purpose of the punishment. Punishment is remedial or coercive and for the benefit of the complainant in civil contempt. Prison sentences are conditional. The contemnor is said to carry the keys of his prison in his own pocket . . . since he will be freed if he agrees to do as ordered. Criminal contempt, on the other hand, is usually characterized by an unconditional prison sentence. Such imprisonment operates not as a remedy coercive in its nature but as punishment for the completed act of disobedience, and to vindicate the authority of the law and the court.
The burden of proof in a civil contempt proceeding is clear and convincing evidence. Brown v. Executive 200, Inc. (1980), supra. "Clear and convincing evidence is that which will produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established." In re: Ayer (May 21, 1997), Hamilton App. No. C-960488, unreported.
There are three elements in a civil contempt: 1) a prior order of the court, 2) proper notice to the alleged contemnor and 3) failure to abide by the court order, see Rossen v. Rossen (1964), 2 Ohio App.2d 381.
As stated previously, in order to find civil contempt, the Court needed to find that a prior order of the court existed, that the Mr. Holbrook had proper notice of said order and that the he failed to abide by the court order. Rossen, supra.
At the hearing in this matter, the parties stipulated to notice of the Agreed Preliminary Injunction on the part of both Mr. Dobson and Mr. Holbrook. As such, the only element left for the court to find, by clear and convincing evidence, was that Mr. Holbrook failed to abide by such order.
In its Entry of October 24, 2000, the Court found:
 The court finds that the plaintiff failed to prove by clear and convincing evidence that Donnie Holbrook was in contempt of this Court's Preliminary Injunction on July 2, 2000, at the Oaktree Golf Club, in Ontario, Ohio.
 While the court finds that the alleged contemnor was the initial aggressor in that event and that the alleged contemnor did strike a company official, the evidence does not demonstrate that the alleged contemnor believed that his conduct would affect the underlying labor dispute.
The Ohio Supreme Court has ruled that proof of a purposeful, willing or intentional violation of a court order is not a prerequisite for a finding of civil contempt, Pugh v. Pugh (1984), 15 Ohio St.3d 136, 140.Pedone v. Pedone (1983), 11 Ohio App.3d 164, 165. In fact, the contemnor may even have acted innocently and still be guilty of civil contempt.Windham Bank v. Tomaszczyk (1971), 27 Ohio St.2d 55, syllabus 3.
In McComb v. Jacksonville Paper Co. (1949), 336 U.S. 187, the United States Supreme Court also held that intent is not an element of civil contempt:
 The absence of willfulness does not relieve from civil contempt. . . . An act does not cease to be a violation of a law and of a decree merely because it may have been done innocently.
Based on the above, we find that in the case sub judice, the trial court erred as a matter of law when it mistakenly interjected a fourth element of intent to this civil contempt when it required that Mr. Holbrook needed to believe that his conduct would affect the underlying labor dispute.
Accordingly, we find Appellant's Assignment of Error I well-taken and sustain same.
 II.
Based upon our decision in Assignment of Error I, we find Assignment of Error II to be moot.
The judgment of the Court of Common Pleas of Richland County, Ohio is hereby reversed and remanded to said court for further proceedings consistent with our opinion and the law.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Richland County, Ohio is reversed and remanded. Costs to Appellee.
Boggins, J., Edwards, P.J., concur. Gwin, J., dissents.