OPINION
{¶ 1} Defendant-appellant, Kenneth Kershner, appeals the decision of the Butler County Court of Common Pleas, Domestic Relations Division, finding him in contempt for failure to pay child support. We affirm the decision of the trial court.
 {¶ 2} Appellant and Shelly Kershner were married on August 19, 1994. Two children were born as issue of the marriage. Kyle was born on February 10, 1996. Katelyn was born on November 7, 1998.
 {¶ 3} On July 10, 2001, Shelly Kershner filed a complaint for divorce. A hearing was held on April 18, 2002. The trial court's decision, journalized on May 22, 2002, states that appellant is ordered to "pay child support to Mrs. Kershner in accordance with the attached calculation sheet." The attached calculation sheet states that the "child support per month" is $1,039.67. Appellant admits he failed to make all the required payments.
 {¶ 4} On August 20, 2002, Shelly filed a motion seeking an order of contempt against appellant for failure to pay child support. Appellant filed his own motion for contempt against Shelly for failure to sell marital property or buy out his interest as ordered.
 {¶ 5} Both motions were heard on August 26, 2002. On August 28, 2002, the trial court filed an entry which found appellant "in contempt of court for failure to pay child support." Appellant was "sentenced to 30 days in jail" with the "days suspended." The parties resolved all issues relating to the sale of the marital property, therefore, only appellant's appeal from the finding of contempt remains. Appellant appeals the decision raising a single assignment of error:
 {¶ 6} "The Trial Court erred in finding appellant guilty of Contempt (Entry 8/26/02, T.D.87)."
 {¶ 7} Appellant argues that he cannot "be found guilty of criminal contempt for an alleged violation of an underlying order that is incomplete and ambiguous, and where there is insufficient proof of willful disobedience of such order."
 {¶ 8} The elements of contempt are 1) a lawful order of court to pay support, 2) proper notice given to the alleged contemnor, and 3) a failure to make payment as ordered. Rossen v. Rossen (1964),2 Ohio App.2d 381, 384. The burden of proof in a contempt action is described as follows:
 {¶ 9} "A prima facie showing of contempt is made when the moving party established the divorce decree and evidence of nonpayment according to its terms. * * * The burden then shifts to the defendant to establish any defense he may have for nonpayment." Morford v. Morford (1993),85 Ohio App.3d 50, 55.
 {¶ 10} In the trial court's May 22, 2002 decision, appellant was ordered to "pay child support to Mrs. Kershner in accordance with the attached calculation sheet." The attached calculation sheet states that the "final annual child support obligation" is $12,231.30. The calculation sheet also states that the "child support per month" is $1,039.67. The "Proposed Shared Parenting Plan" states that the child support is "payable through the Butler County Child Support Enforcement Agency."
 {¶ 11} Appellant admits he received notice of the decision ordering him to pay child support. Appellant stated at the August 26, 2002 hearing that he "gave all that information to child support and asked them to tell me" how much to pay. Appellant was then asked, "[w]hat information did you give to the Child Support Enforcement Agency?" He answered, "[t]he Judge's decision."
 {¶ 12} Appellant also admits he failed to pay his child support. At the August 26, 2002 hearing, appellant was asked, "on the child support, you agree that out of seventeen weekly payments that you should have paid, you've only made four payments, right?" Appellant stated that he was not sure as to the number of payments he should have paid, so appellee's attorney revised the question. Appellant was asked, "[w]ell let's do it this way then. Would you agree, you've only made four payments since May 22, 2000?" Appellant answered, "Yes."
 {¶ 13} In attempting to establish a defense to this contempt action, appellant argued that the court order was ambiguous and that he "didn't know how much to pay." The trial court rejected this defense, stating, "Mr. Kershner, you are clearly in contempt of Court for failing to pay child support. You gave a number of excuses and none of them are worth a darn. It's pretty easy to find out what you owe in child support, particularly when I supplied the calculation sheet along with the decision."
 {¶ 14} Even if the order could be considered ambiguous on this issue, it is within the broad discretion of the trial court to interpret its own order. Sheeler v. Sheeler (Aug. 24, 1994), Summit App. No. 16404, at 5. An "interpretative decision by the trial court cannot be disturbed upon appeal absent a showing of an abuse of discretion." In ReMarriage of Seders (1987), 42 Ohio App.3d 155, 156, citing Blakemore v.Blakemore (1983), 5 Ohio St.3d 217.
 {¶ 15} Furthermore, appellant was represented by counsel at the time of the order. If appellant did not agree with the court's decision to hold him responsible for child support payments, or if he did not understand the order, he should have appealed the decision in accordance with App.R. 4.
 {¶ 16} In this case, competent, credible evidence was presented to demonstrate a lawful court order to pay support, proper notice given to the alleged contemnor, and a failure to make payments as ordered. The evidence supports a finding of contempt. The assignment of error is overruled.
 {¶ 17} Judgment affirmed.
Valen, P.J., and Young, J., concur.