DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court on appeal of the June 27 and July 3, 2003 decisions of the Williams County Court of Common Pleas, which, respectively, found appellant, Kevin Traxler, in contempt of the court's September 30, 2002 judgment entry of divorce and denied appellant's Civ.R. 60(B) motion. For the reasons that follow, we affirm the decision of the trial court.
 {¶ 2} A brief synopsis of the facts is warranted. On April 2, 2002, appellee, Lori Traxler, filed a complaint for divorce. The complaint set forth that the parties were married in 1982, and had four minor children born issue of the marriage.
 {¶ 3} On June 19, 2002, appellee filed a motion to show cause alleging that appellant was in violation of the court's April 29, 2002 temporary order, ordering appellant to make the payments on the GMC 1500 pick-up truck and maintaining the minimum payments on all other liabilities of the parties. On July 16, 2002, appellant, pro se, was found in contempt of court and given the opportunity to purge the contempt.
 {¶ 4} On September 4, 2002, the final divorce hearing was held. Again, appellant was unrepresented though advised by the court to retain counsel. The divorce was granted on September 11, 2002, and the judgment entry of divorce was filed on September 30, 2002.
 {¶ 5} On December 9, 2002, appellee filed a motion to show cause as to why appellant should not be found in contempt for failure to comply with the court's judgment entry of divorce. Appellee contended that appellant: (1) failed to pay the Americredit indebtedness and that the GMC truck had been repossessed; (2) failed to pay the American Investment indebtedness and, as a result, that appellee's wages were being garnished; (3) failed to obtain a loan to pay the settlement owed to appellee; (4) failed to pay the full amount of spousal support; and (5) failed to pay the full amount of child support.
 {¶ 6} After multiple attempts, appellant was served on December 30, 2002; service included the contempt summons, motion, and notice of the contempt hearing scheduled for January 6, 2002. On the morning of the hearing, appellant's newly retained counsel filed an entry of appearance and a motion for a continuance based upon a scheduling conflict. At the hearing, appellant, appearing without his counsel, again requested a continuance. The magistrate denied the continuance, proceeded with the hearing, and appellant was found in contempt.
 {¶ 7} On January 22, 2003, appellant filed objections to the January 10, 2003 magistrate's decision. Appellant argued that his due process right to counsel was violated and that, had counsel been present, he would have presented a defense to appellee's claims. The court's February 19, 2003 judgment entry adopted the magistrate's decision and appellant filed a notice of appeal. On April 15, 2003, the appeal was dismissed because the trial court's order failed to comply with Civ.R. 54(A). The trial court filed its revised entry on June 27, 2003.
 {¶ 8} In the interim, on March 11, 2003, appellant filed a Civ.R. 60(B) motion arguing that he was denied equal protection and due process when forced to proceed with the contempt hearing without counsel and absent the statutory seven-day notice period. Appellant also made arguments concerning his inability to conform to the court's September 30, 2002 judgment entry of divorce. Appellant's motion was denied, following a hearing, on July 3, 2003. The court found that a Civ.R. 60(B) motion is not a substitute for a timely appeal, and that appellant failed to demonstrate a meritorious claim or defense. Appellant then appealed this ruling and the court's revised contempt finding.
 {¶ 9} Appellant now raises the following five assignments of error:
 {¶ 10} "1. The trial court erred when it denied the Defendant's request for a continuance.
 {¶ 11} "2. The trial court erred when it found the Defendant in contempt.
 {¶ 12} "3. The enforcement of the September order at the level determined by the Magistrate is reversible error.
 {¶ 13} "4. The trial court erred in denying the Defendant's 60(B) motion when the Judgment Entry in question obviously violated a statute.
 {¶ 14} "5. The Defendant was denied his due process rights both at the 60(B) hearing and the contempt hearing because he wasn't allowed to present evidence at either hearing."
 {¶ 15} In appellant's first assignment of error, he contends that the trial court erroneously denied a continuance of the January 6, 2003 contempt hearing. Appellant contends that he had a valid legal defense to the contempt charge and required a continuance to ensure the presence of his attorney. Appellant further contends that he was not served with the contempt summons, motion, and notice of the hearing seven days before the hearing in violation of Civ.R. 6(D).
 {¶ 16} The decision to grant or deny a motion for a continuance is within the discretion of the trial court and will be reversed on appeal only if the court abused that discretion.Griffin v. Lamberjack (1994), 96 Ohio App.3d 257, 264. In determining whether the trial court abused its discretion in such a case, the "reviewing court must balance the interests of judicial economy and justice against any potential prejudice to the defendant." Id.
 {¶ 17} "Objective factors which may be considered by the trial judge in determining a motion for a continuance include the length of the delay requested, whether other continuances have been allowed, any inconvenience to the litigants, the court and witnesses, whether the requested delay is legitimate rather than dilatory, purposeful or contrived, whether the defendant contributed to the circumstances underlying the request and other relevant factors based on the unique aspects of each case." Id, citing State v. Unger (1981), 67 Ohio St.2d 65, 67-68.
 {¶ 18} At the January 6, 2003 hearing, appellant explained that he received the registered letter on December 30, 2002, and, due to the New Year's holiday, was unable to secure counsel. Appellant was then questioned as to why the letter was refused. Appellant replied: "I've never refused any mail. The only thing I have turned down is I got a couple of things addressed to my girlfriend's house and those were returned by mail." Appellant further explained that even though the post office left a card at his girlfriend's house notifying him of the letter, he did not pick it up because it was not sent to his proper mailing address. Appellant did admit that visitation with his children takes place at his girlfriend's house and that, as of January 1, 2003, it was, in fact, his official address.
 {¶ 19} Denying the continuance, the court reasoned:
 {¶ 20} "[The post office has] written across it 12/12, 12/18 and it's filed back here on 12/20 with a big refused across it. So I don't know why the post office would make that up. I think it was a stalling technique. In any event you have been served. There was adequate time. I think you had adequate service before. * * *."
 {¶ 21} Upon review of the January 6, 2003 transcript and the record in this case, we cannot say that the trial court abused its discretion by denying a continuance. The date appellant actually received the notice, December 30, was, in fact, seven days prior to the hearing as required under Civ.R. 6(D).[1]
Further, the court found disingenuous appellant's reason for refusing service. Accordingly, we find that appellant's first assignment of error is not well-taken.
 {¶ 22} Appellant's second assignment of error contends that the trial court erred when it found appellant in contempt of the court's September 30, 2002 order. The decision to grant or deny a motion for contempt rests within the trial court's sound discretion State ex rel. Adkins v. Sobb (1988),39 Ohio St.3d 34, 35. An abuse of discretion connotes a judgment that is unreasonable, arbitrary or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 23} At the January 6, 2003 contempt hearing, appellee testified that appellant made no financial contributions to appellee other than partial spousal support payments and child support, which was garnished from his paycheck, the payment of which he was in arrears. Appellee testified that appellant failed to pay any of the $7,695 debt for the pick-up truck. Appellee also testified that appellant failed to pay any of the $9,457 debt from a prior repossessed vehicle and that the amount was now being garnished from her paycheck. Appellee stated that appellant had not paid her $4,550 as ordered by the court and appellant told her that she would not be getting any of the money.
 {¶ 24} During cross-examination, appellant admitted that he did not pay any of the above debts. Appellant also stated that he made no attempt to pay any of the child support arrearage when the amount garnished was insufficient. Appellant explained that he was unable to make the payments because he is an over the road truck driver and there is minimal overtime currently available.
 {¶ 25} Based on the foregoing, we find that the trial court did not abuse its discretion when it found appellant in contempt. Appellant admitted that he failed to comply with the court's order and, obviously, did not convince the court of his inability to pay. Accordingly, appellant's second assignment of error is not well-taken.
 {¶ 26} In appellant's third assignment of error, appellant argues that the enforcement of the September 30, 2002 order at the monetary amounts set by the magistrate is in error. Specifically, appellant contends that the monetary order exceeds the Consumer Credit Protection Act's limitation on garnishments.
 {¶ 27} The Consumer Credit Protection Act, Section 1673(b), Title 15, U.S.C. provides, in relevant part:
 {¶ 28} "(2) The maximum part of the aggregate disposable earnings of an individual for any workweek which is subject to garnishment to enforce any order for the support of any person shall not exceed —
 {¶ 29} "(A) where such individual is supporting his spouse or dependant child (other than a spouse or child with respect to whose support such order is used), 50 per centum of such individual's disposable earnings for that week; and
 {¶ 30} "(B) where such individual is not supporting such a spouse or dependent child described in clause (A), 60 per centum of such individual's disposable earnings for that week; * * *."[2] See R.C. 3121.033.
 {¶ 31} In the present case, appellant argues: "The total of all payments ordered by the magistrate in September of 2002 equals $34,000 in the first year. This [exceeds] 60% of his disposable income which would be in the $18,545.00 to $23,340.00 range given the fluctuations in the Defendant's income." Upon review, it appears that appellant has misconstrued the Act to include the payment of marital debt.
 {¶ 32} Appellant does not dispute the trial court's finding that his 2001 gross income was $46,000. In the court's September 30, 2002 judgment entry, it ordered appellant to pay spousal support of $400 per month for 72 months and child support of $1,040 per month for a total monthly support payment of $1,440. Based upon this court's calculations, appellant, in 2001, had approximately $34,000 in disposable earnings, or $2,800 per month. Thus, appellant was ordered to pay just over 50 per cent of his disposable earnings, well within the 60 per cent statutory limitation.[3] Appellant's argument regarding future reduction in his overtime income is speculative and not a basis for reversal.[4] Based on the foregoing, we find that appellant's third assignment of error is not well-taken.
 {¶ 33} In his fourth assignment of error, appellant contends that the trial court erroneously denied his March 11, 2003 motion for relief from judgment pursuant to Civ.R. 60(B). To the extent that appellant's arguments mirror the arguments raised in his third assignment of error, we find them unpersuasive. Further, as the trial court concluded in its July 3, 2003 judgment entry, a Civ.R. 60(B) motion is not a substitute for a timely appeal.Elyria Twp. Bd. of Trustees v. Kerstetter (1993),91 Ohio App.3d 599, 602. Accordingly, we find that appellant's fourth assignment of error is not well-taken.
 {¶ 34} In appellant's fifth and final assignment of error, appellant contends that he was denied his due process rights at both the Civ.R. 60(B) hearing and the January 6, 2003 contempt hearing because he was not permitted to present evidence at either hearing.
 {¶ 35} As to the January 6, 2003 contempt hearing, a prima facie case of contempt is evidenced where the divorce decree is before the court along with proof of the contemnor's failure to pay therewith. Robinson v. Robinson (Mar. 31, 1994), 6th
Dist. No. 93WD053, citing Rossen v. Rossen (1964),2 Ohio App.2d 381. Once a prima facie case is shown, it is incumbent upon the contemnor to present evidence of his inability to pay or other possible defenses. Id. Simply because a party appears pro se, does not entitle him to special latitude. Kampfer v.Kampfer (June 22, 2001), 6th Dist. No. L-00-1395.
 {¶ 36} Appellant also claims that he was denied his due process right to a Civ.R. 60(B) evidentiary hearing; however, a party moving for relief under Civ.R. 60(B) is not automatically entitled to an evidentiary hearing. McBroom v. McBroom, 6th
Dist. No. L-03-1027, 2003-Ohio-5198, ¶ 39. If the material submitted by the movant does not provide operative facts which demonstrate that relief is warranted, the court may deny the motion without conducting a hearing. Id.
 {¶ 37} At the Civ.R. 60(B) hearing, appellant was represented by counsel and the parties each presented extensive arguments. At the conclusion of the arguments, appellant's counsel was permitted to proffer certain documentary evidence and did not object to the court's decision not to admit evidence during the arguments.
 {¶ 38} Based on the foregoing, and upon review of the specific facts of this case, we find that appellant's due process rights were not violated during the January 6, 2003 contempt hearing or the Civ.R. 60(B) hearing. Accordingly, appellant's fifth assignment of error is not well-taken.
 {¶ 39} On consideration whereof, we find that substantial justice has been done the party complaining and the judgment of the Williams County Court of Common Pleas is affirmed. Costs of this appeal are assessed to appellant.
Judgment affirmed.
Richard W. Knepper, J. Mark L. Pietrykowski, J., Judith Ann Lanzinger, J. CONCUR.
[1] Civ.R. 6(A) provides, in part:
"In computing any period of time prescribed or allowed by these rules, by the local rules of any court, by order of court, or by any applicable statute, the date of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, a Sunday, or a legal holiday. When the period of time prescribed or allowed is less than seven days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation."
[2] Section 1672(b), Title 15, U.S.C. defines "disposable earnings" as " that part of the earnings of any individual remaining after the deduction from those earnings of any amounts required by law to be withheld."
[3] We do acknowledge that appellant was ordered to pay $300 of appellee's attorney fees, which is properly categorized as support. This minimal, one time payment, does not markedly affect our calculations.
[4] We note that as of the date of this decision, appellant's child support obligation has decreased due to one child's reaching the age of majority.