OPINION
{¶ 1} Plaintiff-appellant, Dennis Hopson ("appellant" or "Dennis"), appeals the decision of the Franklin County Court of Common Pleas, Division of Domestic Relations, sustaining the motion of defendant-appellee, Tracie L. Hopson, a.k.a. Turner ("appellee" or "Tracie"), that appellant be held in contempt of court. We affirm the judgment of the trial court.
 {¶ 2} Appellant and appellee were married on August 10, 1994. The marriage was terminated by an agreed judgment entry decree of divorce ("divorce decree") on April 24, 2002. *Page 2 
 {¶ 3} On March 29, 2004, appellee moved that appellant be found in contempt for his failure to pay appellee $24,000 plus interest on or before December 31, 2003, pursuant to the terms of the property settlement set forth at Article 6(A)(3) of the divorce decree.
 {¶ 4} Article 6(A)(3) provides:
 Plaintiff shall pay as additional property division to the Defendant the sum of $24,000 plus interest thereon at the rate of 4% per annum. Said sum shall be paid as he receives the payment from the Circleville Raceway repayment of debt set forth in the parties' tax returns and any sum and interest due hereunder not paid by 12/31/03 shall then be immediately due and payable with interest at 4% per annum. Plaintiff shall sign a note and mortgage on the real estate retained by the Plaintiff to secure said sum. Immediately upon payment in full, Defendant or her successors shall release Plaintiff or his successors. If the Plaintiff fails to pay the sums and interest required under this paragraph, the remaining unpaid balance shall bear interest at the legal judgment rate until paid in full.
 {¶ 5} Appellee's motion for contempt was heard by a magistrate on March 8, 2006. At the hearing, during appellant's cross-examination, the following exchange occurred:
 [Appellee's counsel] And, Mr. Hopson, the decree stated, first of all, that you would sign a note and mortgage on real estate retained by you to secure the sums. You did not sign a note and mortgage, did you?
 [Appellant] No.
 [Appellee's counsel] And also it says that the money was due earlier if you received payments from the Circleville Raceway; do you recall that?
 [Appellant] Correct.
 [Appellee's counsel] Provisions. Prior to December 31, `03, did you receive payment from the Circleville Raceway? [Appellant] No. *Page 3 
 [Appellee's counsel] All right. So then you know that on the 31st of December of 2003, $24,000 was due and outstanding that you were supposed to pay, right?
 [Appellant] Yes.
 [Appellee's counsel] And that would have included interest of four percent of up to that date and statutory interest thereafter?
 [Appellant] Right.
 [Appellee's counsel] Mr. Hopson, you say you've not paid any of that up until today?
 [Appellant] No.
(Tr. at 5-6.)
 {¶ 6} On March 22, 2006, the magistrate issued his decision. Quoting Article 6(A)(3) of the divorce decree and the above-quoted exchange during appellant's cross-examination, the magistrate held that appellant is in contempt of court for his failure to pay appellee $24,000 plus interest on or before December 31, 2003. The magistrate sustained appellee's motion for contempt and sentenced appellant to 30 days in jail, suspended on the condition that appellant purge his contempt by paying appellee the sum of $30,900.08 plus the additional interest that accrues through the date that he makes the payment. The magistrate also ordered appellant to pay appellee's attorney fees and court costs incurred in relation to her motion for contempt.
 {¶ 7} On March 22, 2006, the trial court entered judgment adopting the magistrate's decision and finding, pursuant to Civ.R. 53(E)(4)(c) and Juv.R. 40(E)(4)(c), that immediate relief is justified. The entry provides that, should a party file timely objections to the magistrate's decision, the trial court's order shall serve as an interim order and shall not be subject to the automatic stay caused by the filing of objections. *Page 4 
 {¶ 8} On May 9, 2006, appellant filed objections to the magistrate's decision and thereafter appellee filed a memorandum contra. The trial court held an objection hearing on June 14, 2006. On September 8, 2006, the trial court issued its decision and judgment entry overruling appellant's objections. Thereafter, appellant timely filed an appeal to this court.
 {¶ 9} In his appeal, appellant presents ten assignments of error:
 STATEMENT OF ASSIGNMENTS OF ERROR
 I. The Trial Court erred as a Matter of Fact and Law by finding, against the manifest weight of the evidence that the Appellant was in violation of the Decree. In particular, the Court found that Appellant violated the specific language of Article 6-A(3) of the Decree.
 II. The trial court erred by finding that the Appellant was in violation of this court's order that the Appellant ". . . did not, in a timely manner, comply with the requirement that he `sign a note and mortgage on the real estate retained by the Appellant to secure said sum.'"
 III. The trial court erred as a matter of fact and law by finding, against the manifest weight of the evidence that there had been a clear failure to do an act required by a court order. In fact, the court order, as interpreted by the magistrate, is indefinite and uncertain and, as such, cannot be enforced by contempt.
 IV. The trial court erred as a matter of law and fact by finding that, by clear and convincing evidence, the defendant proved her contempt and that there was sufficient evidence to support a finding of willful disobedience by the Appellant.
 V. The trial court erred as a matter of law and fact by finding that the Appellee had not elected her remedies by insisting on the issuance of, and the acceptance of a note and mortgage.
 VI. The trial court erred as a matter of law and fact by finding that the Appellant has the present ability to pay the Appellee in that his testimony alone discussed his inability to pay and no contrary evidence whatsoever was presented. *Page 5 
 VII. The trial court erred by finding that Appellant's testimony was capable of modifying the property settlement obligations under the decree by answering "yes" to the question, "all right. So then you know that on the 31st of December, of 2003, $24,000.00 was due and outstanding, and that you were supposed to pay that, right?"
 VIII. The trial court erred by finding that there was a specific order of payment on December 31, 2003, when, in fact, the decree simply says that the debt matures on that date and begins to accrue interest if not paid as of that date. [A]s such, the magistrate erred by injecting a term into the decree that Appellant was actually ordered to make payment as of that date when, in fact, it was envisioned that he may not have received enough payments from the Circleville Raceway to discharge the debt by that time and that the Appellee's remedy would be the accrual of interest after that date.
 IX. The trial court erred as a matter of law and fact by finding that the condition precedent to Appellant's obligation to pay, i.e. receipt of payment from the Circleville Raceway, had occurred and that as a result, Appellant was in direct violation of this court's order.
 X. The trial court erred as a matter of law by modifying the court decree which had been agreed to by the parties in their divorce.
 {¶ 10} We note at the outset that we have previously had occasion to interpret a provision of the parties' divorce decree in Hopson v.Hopson, Franklin App. No. 04AP-1349, 2005-Ohio-6468 ("Hopson I"). InHopson I, the trial court denied a motion for contempt filed on July 22, 2002 by Dennis against Tracie, and sustained Tracie's motion for contempt filed on October 9, 2003 against Dennis.
 {¶ 11} In Hopson I, we affirmed the trial court's decision as to both motions for contempt. We agreed with the trial court that Dennis was in contempt for his failure to pay Tracie the sum of $50,000 plus interest due upon the sale of real estate located at 1227-1229 North High Street. We also agreed with the trial court that the provision of the *Page 6 
divorce decree upon which Dennis relied for his contempt motion was ambiguous and, thus, a finding of contempt against Tracie could not be entered.
 {¶ 12} We note that appellant states in his brief that he addresses assignments of error one through six jointly and then assignments of error seven through ten jointly. However, we will not address the assignments of error as if there are only two interrelated groups as appellant seems to suggest.
 {¶ 13} We shall initially address appellant's fifth, eighth and ninth assignments of error together. In the instant appeal, appellant contends that the trial court erred by allegedly failing to recognize that appellant's obligation to pay appellee the sum of $24,000 plus interest is subject to a condition precedent — that appellant receive payment from the Circleville Raceway repayment of debt as set forth in the parties' tax returns. According to appellant, under the terms of Article 6(A)(3) of the divorce decree, his obligation to pay is "triggered" only upon his receipt of the Circleville Raceway repayment.
 {¶ 14} Appellant further argues that because Article 6(A)(3) states that "any sum and interest due hereunder not paid by 12/31/03 shall then be immediately due and payable," he was not obligated to pay appellee on December 31, 2003, because Article 6(A)(3) does not contain the words "shall pay."
 {¶ 15} In effect, appellant contends that the words "immediately due and payable" do not create an obligation to pay appellee on December 31, 2003, but only give appellee an interest to be secured by a promissory note and real estate mortgage from appellant. (Appellant's brief, at 9.) We disagree with appellant's tortured interpretation of his obligations under Article 6(A)(3) of the divorce decree. We find that the language of Article 6(A)(3) is clear and that it obligated appellant to pay to appellee the sum of *Page 7 
$24,000 plus interest as early as his receipt of the Circleville Raceway repayment and, in any event, on or before December 31, 2003.
 {¶ 16} Both the magistrate and the trial court held that appellant's receipt of the Circleville Raceway repayment was not a condition precedent to appellant's obligation to pay the sum of $24,000 plus interest. We disagree with that holding of the magistrate and the trial court to the extent that the holding is somewhat overbroad. In actuality, Article 6(A)(3) creates a condition precedent to appellant's obligation to pay the sum plus interest, but the condition precedent becomes inapplicable to the obligation on December 31, 2003. Appellant enjoyed the benefit of the condition precedent up to December 31, 2003. On that date, the sum of $24,000 plus interest was "immediately due and payable" and, thus, appellant was obligated to make the payment regardless of his lack of receipt of the Circleville Raceway repayment.
 {¶ 17} The words "due and payable" can be found in at least one of our statutes at R.C. 1343.03(A), which provides for prejudgment interest. InRPM, Inc. v. Oatey Co., Medina App. No. 3282-M, 2005-Ohio-1280, at ¶ 68, the Ninth District Court of Appeals had occasion to determine the meaning of those words as they appear at R.C. 1343.03(A):
 At issue here is the meaning of money "due and payable" on a written instrument. Undefined words used in a statute must be accorded their usual, normal, or customary meaning. State ex rel. Hawkins v. Pickaway Cty. Bd. of Elections (1996), 75 Ohio St.3d 275, 277[.] * * * Webster's Third New International Dictionary (1993), 699, defines "due" to mean "owed or owing as a debt" and "having reached the date at which payment is required[.]" It defines "payable" as "requiring to be paid, * * * due," and "specifying payment to a particular payee * * * at a specified time or occasion * * * or in a particular manner[.]" * * * *Page 8 
 {¶ 18} Clearly, contrary to appellant's assertion, the absence of the words "shall pay" in Article 6(A)(3) does not in any way detract from the clear meaning of the words "due and payable" which provide a clear directive to appellant to pay the sum of $24,000 plus interest to appellee.
 {¶ 19} Moreover, that Article 6(A)(3) directed appellant to sign a note and mortgage on the real estate retained by appellant to secure the sum did not in any way detract from the obligation to pay the sum plus interest to appellee on December 31, 2003. Without this directive, appellant's obligation would be unsecured during the period that appellant was not obligated to pay the sum to appellee. Accordingly, we overrule appellant's fifth, eighth and ninth assignments of error.
 {¶ 20} We now address appellant's second assignment of error. In the magistrate's decision, the magistrate states that appellant did not, "in a timely manner," comply with the requirement that he sign a note and mortgage on the real estate retained by him. In the trial court's decision, the trial court found that appellant did not execute a promissory note and mortgage until January 12, 2005 — nearly three years after the decree was filed. The trial court states, however, that appellant "is correct that the decree does not set a deadline for compliance." Id. at 5.
 {¶ 21} The trial court then held that "[e]ven if the Magistrate's finding was in error, the error is harmless because the same contempt finding and sentence could be rendered based on [appellant's] failure to comply with the order to pay [appellee] $24,000." Id.
 {¶ 22} We agree with the trial court's view of the magistrate's decision. The court's contempt finding does not require a finding that appellant's execution of the promissory *Page 9 
note and mortgage was untimely. The trial court did not abuse its discretion in adopting the magistrate's contempt finding, or in overruling appellant's objections to the magistrate's decision. Thus, we overrule appellant's second assignment of error.
 {¶ 23} We now address appellant's seventh and tenth assignments of error. Citing Wolfe v. Wolfe (1976), 46 Ohio St.2d 399, for the proposition that the trial court did not have authority to modify the language of Article 6(A)(3) as decreed, appellant argues that the trial court's reliance upon appellant's hearing testimony to render an interpretation of Article 6(A)(3) was an abuse of discretion.
 {¶ 24} In the magistrate's decision, the magistrate rejected appellant's argument that appellant's receipt of the Circleville Raceway repayment was a condition precedent. The magistrate stated his disagreement "with that interpretation of the language in the Decree, particularly considering [appellant's] own testimony." Id. at 3. As previously noted, the trial court adopted the magistrate's decision. In the trial court's decision explaining why appellant's objections were overruled, the trial court notes that appellant "admitted that as of December 31, 2003, the $24,000 sum was due, and that as of the date of the hearing, he had not paid any of it." Id. at 4.
 {¶ 25} The trial court did not modify the language of Article 6(A)(3) of the divorce decree. The trial court simply gave it the plain meaning that the language requires. As it turns out, the plain meaning of the language of Article 6(A)(3) is consistent with appellant's testimony during the exchange quoted by the magistrate. That is, appellant's testimony indicating that he understood that he was supposed to pay the sum of $24,000 on December 31, 2003 is consistent with the plain meaning of Article 6(A)(3). That the magistrate and the trial court may have suggested that Article 6(A)(3) was being given an *Page 10 
interpretation based on the testimony does not detract from the plain meaning of Article 6(A)(3) as we have carefully set forth above. Moreover, it was not improper for the trial court to determine from appellant's testimony that he understood the plain meaning of Article 6(A)(3). We thus overrule appellant's seventh and tenth assignments of error.
 {¶ 26} Appellant's sixth assignment of error claims that the trial court erred in finding that appellant has the present ability to pay appellee. At the March 8, 2006 hearing, appellant was asked by his counsel a series of questions regarding his personal residence located at Powell, Ohio. The following exchange occurred:
 [Appellant's counsel] Is it your intention to satisfy this mortgage from the proceeds of the sale of the real estate?
 [Appellant] Yes.
 [Appellant's counsel] How long have you been trying to sell the property?
 [Appellant] About a year — about a year, six months. And six months — I had a different realtor for six months.
 [Appellant's counsel] And you're hoping it will be sold and Tracie can get paid?
 [Appellant] Yes.
(Tr. at 13.)
 {¶ 27} In the trial court's decision, at 4, the trial court determined:
 * * * Plaintiff did not prove that he was unable to comply with the decree. While he testified that he intended to satisfy the $24,000 obligation with the proceeds of the sale of his house, which has not occurred despite being on the market for over a year, he did not show that he was unable to satisfy the obligation through any other source. See Tr. at 13.
 {¶ 28} Here, appellant asserts "there is no evidence that Appellant has the present ability to actually pay what Appellee is demanding. He testified that he has been trying to *Page 11 
sell his home on which she has a mortgage and that upon that sale she will be paid." (Appellant's brief, at 10.)
 {¶ 29} A prima facie showing of contempt is made when the moving party establishes the divorce decree and evidence of nonpayment according to its terms. Morford v. Morford (1993), 85 Ohio App.3d 50, 55, citingRossen v. Rossen (1964), 2 Ohio App.2d 381. The burden then shifts to the nonmoving party to establish any defense he may have for nonpayment. Id. The intent of the violator is not a prerequisite to a finding of contempt. Id., citing Pugh v. Pugh (1984), 15 Ohio St.3d 136.
 {¶ 30} Here, appellee made a prima facie showing of contempt. Appellee established the divorce decree and evidence of nonpayment according to the terms of Article 6(A)(3). The burden then shifted to appellant to establish any defense he may have for nonpayment. Appellant's defense was that he had been trying to sell his home on which appellee has a mortgage and that upon the sale appellee will be paid.
 {¶ 31} However, the trial court did not find that appellant had justified the nonpayment. The trial court explained that the sale has not occurred despite the home being on the market for over one year, and appellant did not show that he was unable to satisfy the obligation through any other source.
 {¶ 32} We note that the sum of $24,000 plus interest was immediately due and payable on December 31, 2003, yet appellant's defense was that he had been trying to sell the property for about one year prior to the March 8, 2006 hearing. In other words, appellant did not try to sell his property until approximately 14 months after the $24,000 sum plus interest was due, and appellant offered no explanation as to why he did not place his property on the market much earlier or what other efforts, if any, he may have *Page 12 
made to meet his financial obligation. Thus, even if the trial court had believed that appellant had made a good-faith effort to sell his property as he so testified, such testimony cannot satisfy appellant's burden of proof following appellee's prima facie case.
 {¶ 33} Clearly, the trial court did not abuse its discretion in rejecting the defense that appellant offered to the contempt charge regarding his alleged inability to pay. We thus overrule appellant's sixth assignment of error.
 {¶ 34} We shall next address appellant's first, third and fourth assignments of error together. The first and third assignments of error allege generally that the trial court's decision is against the manifest weight of the evidence. The fourth assignment of error alleges generally that the trial court's decision is not supported by sufficient evidence. In actuality these three assignments of error are related to the other assignments of error that we have already addressed. Nevertheless, upon reviewing the record, we find that the decision of the trial court is not against the manifest weight of the evidence and is supported by sufficient evidence. Accordingly, we overrule appellant's first, third and fourth assignments of error.
 {¶ 35} Accordingly, for all the above reasons, we overrule all ten of appellant's assignments of error and we affirm the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations.
Judgment affirmed.
 FRENCH and TYACK, JJ., concur. DESHLER, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution. *Page 1