[Cite as *Lemke v. Lemke*, 2012-Ohio-257.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 96095

---

## KAREN LEMKE

PLAINTIFF-APPELLEE

vs.

## LAWRENCE LEMKE

DEFENDANT-APPELLANT

---

## JUDGMENT:
## AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. D-293201

**BEFORE:** Cooney, J., Boyle, P.J., and Rocco, J.

**RELEASED AND JOURNALIZED:** January 26, 2012

**ATTORNEYS FOR APPELLANT**

Anne C. Fantelli
Vincent A. Stafford
Stafford & Stafford Co., L.P.A.
55 Erieview Plaza, 5th Floor
Cleveland, Ohio 44114


**ATTORNEY FOR APPELLEE**

Cheryl Wiltshire
Stanard & Corsi Co., L.P.A.
1370 Ontario Street
Suite 748
Cleveland, Ohio 44113


COLLEEN CONWAY COONEY, J.:

{¶ 1} Defendant-appellant, Lawrence A. Lemke ("Lawrence"), appeals the November 4, 2010 decision of the trial court finding him in contempt, and ordering him to pay attorney fees. Finding no merit to the appeal, we affirm.

{¶ 2} In November 2004, Lawrence and plaintiff-appellee, Karen L. Lemke ("Karen"), divorced. The judgment entry of divorce provided that Lawrence shall pay Karen $10,000 per month in spousal support, terminable on the death of either party or earlier upon Karen's remarriage or cohabitation. In June 2008, Lawrence filed a motion to modify his spousal support based on his change of income. In June 2009, the

magistrate issued a detailed decision recommending that the spousal support payment be decreased to $7,500 per month.

**{¶ 3}** Both parties filed their objections to the magistrate's decision, and in December 2009, the trial court adopted the magistrate's decision in its entirety. Lawrence appealed. In *Lemke v. Lemke* ("*Lemke I*"), 8th Dist. No. 94557, 2011-Ohio-457, this court affirmed the trial court, finding no abuse of discretion in the court's refusal to terminate Lawrence's spousal support obligation, nor in its reducing his spousal support obligation by only 25%. This court also affirmed the trial court's finding that Lawrence was in contempt for failing to pay spousal support.

**{¶ 4}** In August 2009, after the magistrate's decision was issued but prior to the trial court's adopting it, Karen filed a motion to show cause and a motion for attorney fees. Karen alleged in her motion that Lawrence had committed contempt through his continued failure to pay the spousal support specified in the divorce decree. A hearing was held on the motion in June 2010. The magistrate issued a decision in July 2010, granting both motions in favor of Karen, and the trial court adopted the decision in its entirety on November 4, 2010. Lawrence was ordered to pay $4,500 in attorney fees to Karen and $7,500 in spousal support each month, in addition to his obligation in arrears in the amount of $68,250. It is from this judgment entry that Lawrence now appeals, raising two assignments of error.

Contempt

{¶ 5}  In his first assignment of error, Lawrence argues that the trial court abused its discretion when it found him in contempt of court.

{¶ 6}  R.C. 2705.02 provides that disobedience of a lawful order of the court may be punished as for a contempt.  *Dzina v. Dzina*, 8th Dist. No. 83148, 2004-Ohio-4497, citing *Chojnowski v. Chojnowski*, 8th Dist. No. 81379, 2003-Ohio-298.  We apply an abuse of discretion standard to our review of a lower court's contempt finding.  *Marden v. Marden*, 108 Ohio App.3d 568, 571, 671 N.E.2d 331 (1996).  An abuse of discretion will only be found if the decision indicates that the court's attitude is unreasonable, arbitrary or unconscionable.  *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 7}  A prima facie case of contempt is evidenced where the divorce decree is before the court along with the contemnor's failure to comply with the decree. *Traxler v. Traxler*, 6th Dist. No. WM-03-015, 2004-Ohio-1644, citing *Robinson v. Robinson*, 6th Dist. No. 93WD053   (Mar. 31, 1994); *Rossen v. Rossen*, 2 Ohio App.2d 381, 208 N.E.2d 764 (1964).

{¶ 8}  In finding Lawrence in contempt, the trial court found that he had not complied with the two prior court orders and had failed to fully pay his spousal support, whether $10,000 per month from April 1, 2009 through December 24, 2009, or $7,500 per month from January through May 2010.   The record contains clear and convincing evidence that Lawrence committed these violations.   Lawrence does not dispute Karen's

claim that he failed to pay in full. Rather, he defends his failure to pay the specified amounts by claiming that his failure to comply was based on impossibility due to his company's current financial standing in the midst of the recent recession.

{¶ 9} However, Lawrence failed to submit clear and convincing evidence to support his argument. He did not submit his 2009 tax return but only his 2009 W-2 from Miles Packing and Rubber, which showed that his earnings had increased slightly from 2008. Thus, we find Lawrence's defense of impossibility to be without merit. We find no abuse of discretion in the trial court's finding Lawrence in contempt.

{¶ 10} Accordingly, Lawrence's first assignment of error is overruled.

### Attorney Fees

{¶ 11} In his second assignment of error, Lawrence argues that the trial court erred and abused its discretion by awarding Karen $4,500 in attorney fees.

{¶ 12} A decision to award attorney fees is a matter within the sound discretion of the trial court. *Cimperman v. Cimperman*, 8th Dist. No. 80807, 2003-Ohio-869, citing *Rand v. Rand*, 18 Ohio St.3d 356, 359, 481 N.E.2d 609 (1985). Absent a clear abuse of discretion, a reviewing court will not reverse the judgment of the trial court. *Birath v. Birath*, 53 Ohio App.3d 31, 39, 558 N.E.2d 63 (1988).

{¶ 13} Having found Lawrence in contempt, the trial court correctly applied R.C. 3105.18(G), which provides:

"If any person required to pay alimony under an order made or modified by a court on or after December 1, 1986, and before January 1, 1991, or any person required to pay spousal support under an order made or modified by a court on or after January 1, 1991, is found in contempt of court for failure to make alimony or spousal support payments under the order, the court that makes the finding, in addition to any other penalty or remedy imposed, shall assess all court costs arising out of the contempt proceeding against the person and shall require the person to pay any reasonable attorney's fees of any adverse party, as determined by the court, that arose in relation to the act of contempt."

{¶ 14} In her motion for attorney fees, Karen requested $13,854. The court found that a substantial part of this amount was due to her counsel's attempting to limit defense evidence and further opposition to defense subpoenas, both of which the court found "led to no admissible evidence and ultimately had no bearing on the case." Thus, the court limited Karen's attorney fees to $4,500.

{¶ 15} The record indicates that the court assessed the reasonableness of Karen's attorney fees associated with Lawrence's act of contempt. Therefore, we find no abuse of discretion in the trial court's award of $4,500 in fees.

{¶ 16} Accordingly, Lawrence's second assignment of error is overruled.

Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

It is ordered that a special mandate issue out of this court directing the domestic relations court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
COLLEEN CONWAY COONEY, JUDGE

MARY J. BOYLE, P.J., and
KENNETH A. ROCCO, J., CONCUR